Lori Jordan Isley
Joachim Morrison
COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

Adam Berger
Martin Garfinkel
SCHROETER GOLDMARK & BENDER
810 Third Avenue, Suite 500
Seattle, Washington 98104
(206) 622-8000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BACILIO RUIZ TORRES and JOSE AMADOR, as individuals and on behalf of all other similarly situated persons,<br><br>Plaintiffs,<br><br>vs.<br><br>MERCER CANYONS, INC.,<br><br>Defendant. | CLASS ACTION<br><br>**JURY DEMANDED**<br><br>No.<br><br>COMPLAINT FOR DAMAGES |

**PRELIMINARY STATEMENT**

1.     This is an employment and consumer protection class action on behalf of local farm workers who allege that in 2013 Mercer Canyons failed to inform them about the availability of H-2A vineyard laborer jobs that paid $12 an hour.

COMPLAINT FOR DAMAGES - 1

2. The lawsuit also alleges that Mercer Canyons underpaid a class of local farm workers who were employed as vineyard laborers in 2013 but were paid less than $12 an hour in violation of federal and state law.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (Federal Questions).

4. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 1854 (AWPA).

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1367 (Supplemental Jurisdiction).

6. The proper venue for this action is in the Eastern District of Washington pursuant to 28 U.S.C. § 1391.

## PARTIES

7. Plaintiff Bacilio Ruiz lives in Yakima County, Washington.

8. Plaintiff Jose Amador lives in Yakima County, Washington.

9. Defendant Mercer Canyons, Inc. (Mercer Canyons), is a Washington corporation with its principal place of business in Alderdale, Washington located in Klickitat County.

# STATEMENT OF FACTS

**AWPA Coverage**

1. In 2013, Mercer Canyons was an agricultural employer pursuant to the statutory definition of 29 U.S.C. §1802(2).

2. In 2013, Plaintiff Ruiz was a seasonal agricultural worker pursuant to the statutory definition of 29 U.S.C. §1802(10)(a).

3. In 2013, at the time Plaintiff Amador applied for work at Mercer Canyons he met the statutory definition of seasonal agricultural worker pursuant to 29 U.S.C. §1802(10)(a).

**Mercer Canyon's H-2A Application**

4. In 2013, Mercer Canyons, by and through its agent Washington Farm Labor Association, applied to the federal Department of Labor to employ H-2A workers.

5. On January 16, 2013, Ryan Ayers, CFO of Mercer Canyons, signed the H-2A application on behalf of Mercer Canyons.

6. The application submitted by Mercer Canyons sought forty-four (44) H-2A workers from March 24, 2013 through September 1, 2013, as set forth in the Clearance Order (ETA 790 Form) attached to the application.

7. As part of the H-2A application, Mercer Canyons assured the federal government that it would comply with all federal and state employment laws.

8. Pursuant to federal regulations governing the H-2A program, Mercer Canyons was required to notify all vineyard laborers it employed in 2012 to solicit their return to the job in 2013.

9. Mercer Canyons failed to notify all vineyard laborers it employed in 2012 to solicit their return to the job in 2013.

10. As part of the H-2A application, specifically paragraph 14 of the Clearance Order, Mercer Canyons promised that, "Job seekers w[ould] be informed of the terms and conditions of the job by information listed on the ETA 790 Form and attachment."

11. In 2013, Mercer Canyons failed to inform job seekers of the terms and conditions of the job listed on the ETA 790 Form.

12. On or about late March or early April 2013, Mercer Canyons hired approximately 22 local workers referred by the Sunnyside WorkSource office to work as vineyard laborers.

13. Mercer Canyons paid the WorkSource workers $12 an hour pursuant to the H-2A Clearance Order.

14. Upon information and belief, the Department of Labor ultimately approved Mercer Canyons for twenty-two (22) H-2A workers to perform vineyard labor.

15. In early May 2013, approximately twenty-two (22) H-2A workers from Mexico began working at Mercer Canyons as vineyard laborers.

16. Until approximately early October 2013, the H-2A workers were provided full-time employment at Mercer Canyons.

17. Upon information and belief, all H-2A workers were paid $12 an hour for all work performed at Mercer Canyons in 2013.

**Factual Allegations of Plaintiff Amador**

18. On or about March 19, 2013, Plaintiff Jose Amador and two family members drove to the main office of Mercer Canyons in Alderdale, Washington from his home in Grandview, Washington to ask for work.

19. Plaintiff Amador, on behalf of himself and two other family members, inquired at the front desk whether work was available at Mercer Canyons.

20. An employee of Mercer Canyons told Plaintiff Amador that no work was available.

21. Plaintiff Amador and his family members were never informed that work was available as a vineyard laborer that paid $12 an hour pursuant to the H-2A Clearance Order.

**Factual Allegations of Plaintiff Ruiz**

22. From February through December 2012, Plaintiff Bacilio Ruiz worked as a vineyard laborer at Mercer Canyons.

23. Mercer Canyons did not solicit Mr. Ruiz's return to work as a vineyard laborer pursuant to the H-2A Clearance Order that paid $12 an hour.

24. From early January through the middle of September in 2013, Plaintiff Ruiz worked as a vineyard laborer for Mercer Canyons.

25. In 2013, Plaintiff Ruiz was primarily paid $9.88 per hour for his work as a vineyard laborer at Mercer Canyons.

26. In 2013, Plaintiff Ruiz and other vineyard laborers performed corresponding work under the H-2A Clearance Order and were not paid $12 an hour for all hours performed.

27. Mercer Canyons never informed Plaintiff Ruiz that work was available as a vineyard laborer pursuant to the H-2A Clearance Order that paid $12 an hour.

28. As a result of Defendant's actions alleged herein, the Plaintiffs suffered economic damages.

## CLASS ACTION ALLEGATIONS

A.     PLAINTIFF CLASS – DECEIVED WORKERS

29. Plaintiffs Bacilio Ruiz and Jose Amador ("Representative Plaintiffs") bring this action on their own behalf and on behalf of a class of persons similarly situated, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), consisting of all migrant and seasonal farm workers who: 1) were employed by Mercer Canyons in 2012; 2) sought employment at Mercer Canyons in 2013 before fifty percent of the Clearance Order period elapsed; or, 3) were hired at Mercer Canyons in 2013 prior to fifty percent of the Clearance Order period and were not referred by WorkSource.

30. The class is so numerous that joinder of all members is impracticable. The exact size of the class is not known; however on information and belief the class consists of over 100 persons.

31. Representative Plaintiffs are represented by experienced counsel who will vigorously prosecute the litigation on behalf of the class.

32. Questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and a class

action is superior to other available methods for the fair and efficient adjudication of the controversy because:

    a.    Members of the class do not have an overriding interest in individually controlling the prosecution of separate actions:

    b.    No litigation concerning this controversy has been commenced by any member of the class;

    c.    Concentration of the litigation in this forum is desirable in order to have all claims resolved in one case; and

    d.    A class action can be managed without undue difficulty because the issues presented are common to the class, Defendants are required to maintain detailed records concerning each member of the class, and Plaintiffs' counsel have experience prosecuting cases of this nature.

33.    Common questions of law and fact include:

    a.    Whether Mercer Canyons had a practice of making or causing to be made false or misleading representations concerning the terms, conditions or existence of employment, when it failed to inform local farm workers about the availability of $12 an hour vineyard jobs in 2013, in violation of 29 U.S.C. § 1831(e) or 29 U.S.C. § 1832(f);

b.      Whether Mercer Canyons engaged in unfair or deceptive practices in trade or commerce when it failed to inform local farm workers of the availability of $12 an hour vineyard jobs in 2013, in violation of RCW 19.86.020.

34.     The claims of Representative Plaintiffs are typical of the claims of the Plaintiff class they seek to represent, and they will fairly and adequately protect the interests of the class.

B. PLAINTIFF CLASS – 2013 EMPLOYED WORKERS

35.     Plaintiff Bacilio Ruiz seeks certification of an additional class on behalf of all persons similarly situated, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), consisting of all non H-2A farm workers who were hired at Mercer Canyons in 2013 and who were not paid $12 an hour for all corresponding work performed under the 2013 Clearance Order.

36.     The class is so numerous that joinder of all members is impracticable. The exact size of the class is not known; however on information and belief the class consists of over 50 persons.

37.     Representative Plaintiff is represented by experienced counsel who will vigorously prosecute the litigation on behalf of the class.

38.     Questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and a class

action is superior to other available methods for the fair and efficient adjudication of the controversy because:

      a)     Members of the class do not have an overriding interest in individually controlling the prosecution of separate actions;

      b)     No litigation concerning this controversy has been commenced by any member of the class;

      c)     Concentration of the litigation in this forum is desirable in order to have all claims resolved in one case; and

      d)     A class action can be managed without undue difficulty because the issues presented are common to the class, Defendants are required to maintain detailed records concerning each member of the class, and Plaintiffs' counsel have experience prosecuting cases of this nature.

39.    Common questions of law and fact include:

      a)     Whether Mercer Canyons had a practice of failing to pay $12 an hour to seasonal or migrant agricultural workers it employed in 2013 when those wages were due in violation of 29 USC §1832(a) and 29 USC §1822(a);

      b)     Whether Mercer Canyons engaged in unfair or deceptive practices in trade or commerce when it failed to pay $12 an hour to local farm workers during the H-2A Clearance Order period;

c) Whether Mercer Canyons had a practice of wilfully withholding wages from farm workers in 2013 by failing to pay them $12 an hour in violation of RCW 49.52.050(2).

40. The claims of Plaintiff Bacilio Ruiz are typical of the claims of the class he seeks to represent, and he will fairly and adequately protect the interests of the class.

## CAUSES OF ACTION

### A. PLAINTIFF CLASS – DECEIVED WORKERS

**AWPA - 29 U.S.C. § 1831(e) & 29 U.S.C. § 1821(f)**

41. Mercer Canyons had a practice of making or causing to be made false or misleading representations concerning the terms, conditions or existence of employment, by failing to inform local farm workers about the availability of $12 an hour vineyard laborer jobs in 2013, in violation of 29 U.S.C. § 1831(e) and 29 U.S.C. § 1821(f) .

**WASHINGTON CPA - RCW 19.86.020**

42. In 2013, Mercer Canyons engaged in unfair or deceptive practices in trade or commerce when it failed to inform local farm workers of the availability of $12 an hour vineyard laborer jobs, in violation of RCW 19.86.020.  Such

conduct affects the public interest and has caused injury to the named Plaintiffs and Plaintiff class.

### B. PLAINTIFF CLASS – 2013 EMPLOYED WORKERS

**AWPA - 29 U.S.C. § 1832(a) & 29 U.S.C. § 1822(a)**

43. In 2013, Mercer Canyons had a practice of failing to pay $12 an hour to Plaintiff Ruiz and similarly situated class members it employed as seasonal workers when those wages were due in violation of 29 USC §1832(a) and 29 U.S.C. § 1822(a).

**WASHINGTON CPA - RCW 19.86.020**

44. In 2013, Mercer Canyons engaged in unfair or deceptive practices in trade or commerce when it failed to pay $12 an hour to Plaintiff Ruiz and similarly situated class members during the H-2A Clearance Order. Such conduct affects the public interest and has caused injury to the named Plaintiff and Plaintiff class.

**WASHINGTON WPA - RCW 49.52.050(2)**

45. In 2013, Mercer Canyons had a practice of wilfully withholding wages owed from Plaintiff Ruiz and similarly situated class members by failing to pay them $12 an hour during the H-2A Clearance Order in violation of RCW 49.52.050(2).

# PRAYER FOR RELIEF

Plaintiffs ask this Court to grant them the following relief:

1. Certify this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3);

2. Designate the named Plaintiffs as class representatives pursuant to Fed. R. Civ. P. 23(a);

3. Appoint Columbia Legal Services and Schroeter Goldmark & Bender as class counsel pursuant to Fed. R. Civ. P. 23(g);

4. Award each of the Plaintiffs and the other members of the class their statutory damages for violations of AWPA pursuant to 29 U.S.C. § 1854(c)(1);

5. Award each of the Plaintiffs and the other members of the class damages for harm to their property pursuant to RCW 19.86.090;

6. Award each of the Plaintiffs and the other members of the class treble damages up to $25,000 per class member for harm to their property pursuant to RCW 19.86.090;

7. Award each of the Plaintiffs and the other members of the class their unpaid wages pursuant to RCW 49.52.070;

8. Award each of the Plaintiffs and the other members of the class twice the amount of the wages unlawfully withheld by way of exemplary damages pursuant to RCW 49.52.070;

9. Award attorney fees and costs pursuant RCW 19.86.090, RCW 49.48.030, and RCW 49.52.070;

10. Grant other further relief as just and appropriate.

DATED this 14th day of March, 2014.

| COLUMBIA LEGAL SERVICES | SCHROETER GOLDMARK & BENDER |
|---|---|
| s/ Lori Jordan Isley | s/ Adam Berger |
| Lori Jordan Isley, WSBA #21724 | Adam Berger, WSBA# 20714 |
| Joachim Morrison, WSBA# 23094 | Martin S. Garfinkel, WSBA# 20787 |
| Attorneys for Plaintiffs | Attorneys for Plaintiffs |
| COLUMBIA LEGAL SERVICES | SCHROETER GOLDMARK & BENDER |
| 6 South Second Street, Ste. 600 | 810 Third Avenue, Suite 500 |
| Yakima, WA 98901 | Seattle, Washington 98104 |
| Phone: (509) 575-5593, ext.217 | Phone: (206) 622-8000 |
| lori.isley@columbialegal.org | berger@sgb-law.com |
| joe.morrison@columbialegal.org | garfinkel@sgb-law.com |