UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BACILIO RUIZ and JOSE AMADOR, as individuals and on behalf of all other similarly situated persons,<br><br>                Plaintiffs,<br>     v.<br>MERCER CANYONS, INC.,<br><br>                Defendant. | 1:14-cv-03032-SAB<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER ON IMMIGRATION STATUS DISCOVERY AND DENYING DEFENDANT'S MOTION TO COMPEL** |

During the deposition of a named plaintiff, counsel for Defendant sought information that potentially implicated the plaintiff's immigration status. Defendant also put forth written discovery requests for other information that would potentially implicate immigration status. In response, Plaintiffs now seek an order prohibiting all discovery related to immigration status. ECF No. 35. Believing the information is relevant to the claims at issue, Defendant seeks to compel discovery regarding immigration status. ECF No. 39. The motions were heard without oral argument on November 14, 2014.

Federal Rule of Civil Procedure 26(b) allows discovery of "any nonprivileged matter that is relevant to any party's claim or defenses . . . " Despite

**ORDER GRANTING PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER ON IMMIGRATION STATUS DISCOVERY AND DENYING DEFENDANT'S MOTION TO COMPEL ~ 1**

the general liberal thrust of federal discovery rules, Rule 26(c) permits a court to enter a protective order if a party demonstrates good cause for protecting that party from "annoyance, embarrassment, oppression, or undue burden or expense . . ." Upon a finding that "particularized harm will result from disclosure of information to the public" a court must "balance[] the public and private interests [involved] to decide whether a protective order is necessary. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211.

Plaintiffs contend that immigration status is not an element of their claims and is irrelevant to the damages they seek. According to the plaintiffs, allowing such discovery would result in a chilling effect that burdens the public interest. Defendant, on the other hand, asserts that Plaintiffs are actually seeking to enforce provisions of the federal H-2A visa program. Defendant insists immigration status is relevant, arguing Plaintiffs will not have valid claims under the H-2A program unless they can demonstrate they are "eligible individuals" as defined in 8 U.S.C. § 1188(i)(1). Under that definition, eligible individuals do not include unauthorized aliens. Because immigration status is relevant under the H-2A program, Defendant argues it must also be relevant for Plaintiffs' claims.

The H-2A program's "eligible individual" requirement pertains to the requirements that must be met in order for a clearance order to issue. As Defendant points out, there is no private right of action directly under the H-2A program. Therefore, whether a litigant must be an "eligible individual" to bring suit directly for an H-2A violation is a philosophical exercise that this Court need not pursue.

Instead, Plaintiffs seek damages under the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA") and Washington Consumer Protection Act ("CPA"). Thus, the relevant question is whether a litigant's immigration status affects his ability to bring claims under the AWPA or CPA.

**ORDER GRANTING PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER ON IMMIGRATION STATUS DISCOVERY AND DENYING DEFENDANT'S MOTION TO COMPEL** ~ 2

The AWPA provides protections for migrant and seasonal agricultural workers. A migrant agricultural worker is an individual who is "employed in agricultural employment of a seasonal or other temporary nature, and who is required to be absent overnight from his permanent place of residence." 29 U.S.C. § 1802(8)(A). Migrant workers do not include H-2A workers. § 1802(8)(B)(ii). A seasonal agricultural worker is "an individual who is employed in agricultural employment of a seasonal or other temporary nature and is not required to be absent overnight from his permanent place of residence . . ." § 1802(10)(A). The AWPA contains no limitations regarding legal status of the employee. The CPA also does not contain any limitations premised on legal status. *See* RCW 19.86 *et seq.* Likewise, federal courts have repeatedly recognized that the AWPA protects documented and undocumented workers alike. *See In re Reyes*, 814 F.2d 168, 170 (5th Cir. 1987) *cert. denied*, *Griffin & Brand of McAllen, Inc.. v. Reyes*, 487 U.S. 1235 (1988); *Rodriguez v. ACL Farms, Inc.*, 2010 WL 4683743 *1 (E.D.W.A. 2010); *Escobar v. Baker*, 814 F.Supp. 1491, 1498 (W.D.W.A. 1993). Rights derived from the AWPA and CPA can be asserted by any appropriate worker, regardless of their immigration status.

Additionally, Defendant had both the ability and the legal requirement to inquire into at least Plaintiff Ruiz's immigration status when it hired him in 2013. This Court is not inclined to permit an employer to ignore immigration status and allegedly underpay workers only to assert the relevance of immigration status as a defense to subsequent lawsuits based on those actions.

Immigration status is irrelevant whether or not the non-statutory damages sought by Plaintiffs are best described as "backpay"—at least at this stage of litigation. The Supreme Court's decision in *Hoffman Plastic Compounds, Inc.* v. *N.L.R.B.* has been interpreted narrowly to only prohibit the National Labor Relations Board ("NLRB") from awarding of backpay under the National Labor

**ORDER GRANTING PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER ON IMMIGRATION STATUS DISCOVERY AND DENYING DEFENDANT'S MOTION TO COMPEL** ~ 3

Relations Act ("NLRA") to undocumented workers. *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1066-67 (9th Cir. 2004). Because Plaintiffs' claims under the AWPA and Washington CPA more closely resemble the Title VII claims in *NIBCO* than the NLRA claims in *Hoffman*, any aggrieved workers—documented or undocumented—are likely eligible for "backpay" and shall be treated as eligible for purposes of discovery.

At this stage of litigation, the immigration status of Plaintiffs and putative class members is irrelevant and could result in intimidation that discourages Plaintiffs from pursuing their employment rights in court. Accordingly, Plaintiffs' Motion for a Protective Order on Immigration Status Discovery is **GRANTED**. Defendant is prohibited—with respect to Plaintiffs, class members, and their family members—all discovery related to immigration status which shall include, but is not limited to: place of birth, national origin, immigration documents, passports, visas, social security numbers or statements, tax identification numbers or other tax information, information from prior employers that may indicate immigration status, and information regarding entry into the United States. The Court may revisit the discoverability of immigration status if this litigation proceeds in such a manner to make it relevant.

Defendant filed a Motion to Compel Discovery, ECF No. 39, seeking answers to questions posed to Plaintiff Amador regarding his termination from a previous employer and questions posed to Plaintiff Ruiz regarding unemployment benefits. For the aforementioned reasons, this line of questioning does not appear to be reasonably calculated to lead to the discovery of admissible evidence and is prohibited by this Protective Order. Defendant's Motion to Compel Discovery is therefore **DENIED.**

//

//

**ORDER GRANTING PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER ON IMMIGRATION STATUS DISCOVERY AND DENYING DEFENDANT'S MOTION TO COMPEL** ~ 4

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion for a Protective Order on Immigration Status Discovery, ECF No. 35, is **GRANTED.**

2. Defendant's Motion to Compel Discovery, ECF No. 39, is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 14th day of November, 2014.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER ON IMMIGRATION STATUS DISCOVERY AND DENYING DEFENDANT'S MOTION TO COMPEL** ~ 5