1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

Michael T. Reynvaan, WSBA No. 12943
MReynvaan@perkinscoie.com
Frederick B. Rivera, WSBA No. 23008
FRivera@perkinscoie.com
Aurora R. Janke, WSBA No. 45862
AJanke@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

Attorneys for Defendant
Mercer Canyons, Inc.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BACILIO RUIZ TORRES and JOSE AMADOR, as individuals and on behalf of all other similarly situated persons,<br><br>               Plaintiffs,<br><br>    v.<br><br>MERCER CANYONS, INC.,<br><br>               Defendant. | No. 1:14-CV-03032-SAB<br><br>DEFENDANT MERCER CANYONS, INC.'S MOTION FOR SUMMARY JUDGMENT AS TO ALL CLAIMS BY PLAINTIFFS JOSE AMADOR AND BACILIO RUIZ TORRES<br><br>January 14, 2015<br>With Oral Argument: 11:00 AM<br>Yakima, WA, Courtroom 203 |

DEFENDANT MERCER CANYONS, INC.'S
MOTION FOR SUMMARY JUDGMENT
No. 1:14-CV-03032-SAB – 1
05701-0011/LEGAL124164322.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**TABLE OF CONTENTS**

I.      INTRODUCTION.................................................................................1

II.     ARGUMENT ....................................................................................5

    A.    Summary judgment standard ................................................5

    B.    Plaintiffs' claims under the AWPA fail and must be
         dismissed ..........................................................................6

        1.   Plaintiffs do not allege that Mercer Canyons violated
            a regulation promulgated under the AWPA ......................8

        2.   Plaintiffs have failed to present evidence that Mercer
            Canyons violated any section of the AWPA ....................8

            a.   Plaintiffs have not supported their claim that
                Mercer Canyons violated AWPA Section
                1831(e).........................................................8

            b.   Ruiz has not shown a violation of Sections
                1822(a) or 1832(a) because there is no
                evidence that he was not paid the correct
                wages ......................................................14

        3.   Amador is not protected under the AWPA because he
            is not a "seasonal worker." ..................................17

        4.   Even if Plaintiffs could assert an AWPA claim based
            on H-2A violations, Mercer Canyons did not violate
            H-2A regulations................................................18

            a.   The H-2A regulations did not require Mercer
                Canyons to inform job seekers like Amador of
                H-2A work.....................................................18

            b.   The H-2A regulations did not require Mercer
                Canyons to solicit Ruiz's return to work as a
                domestic H-2A worker since he was already a
                current employee ..........................................19

    C.    Plaintiffs' claims under Washington law are unsupported by
         the evidence ........................................................20

        1.   The undisputed facts do not establish a violation of
            Washington's Consumer Protection Act ...........................20

            a.   Plaintiffs cannot establish an unfair act or
                practice.......................................................21

DEFENDANT MERCER CANYONS, INC.'S
MOTION FOR SUMMARY JUDGMENT
No. 1:14-CV-03032-SAB – i
05701-0011/LEGAL124164322.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**TABLE OF CONTENTS**
**(continued)**

b.  The undisputed facts show no impact to the public interest ................................................................24

c.  Plaintiffs cannot show a causal link between Mercer Canyons' actions and any injury.................26

2.  Ruiz cannot sustain his claim under Washington law that Mercer Canyons did not pay wages owed to him when due ............................................................................28

III.  CONCLUSION .........................................................................29

DEFENDANT MERCER CANYONS, INC.'S
MOTION FOR SUMMARY JUDGMENT
No. 1:14-CV-03032-SAB – ii
05701-0011/LEGAL124164322.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# TABLE OF AUTHORITIES

**CASES**

*Aziz v. Knight Transp.*,
  No. 2:12-cv-00904 RSL, 2012 WL 3596370 (W.D. Wash. Aug. 21, 2012)....................23

*Bran v. Sun Pac. Farming Coop.*,
  No. CV F 06-0871-LJO-TAG, 2007 WL 781865 (E.D. Cal. Mar. 13, 2007) ................................................................................................................18

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986)..........................................................................................5, 6

*Dombrosky v. Farmers Ins. Co. of Wash.*,
  84 Wn. App. 245, 260, 928 P.2d 1127 (1996)..............................................21

*Estate of Tucker ex rel. Tucker v. Interscope Records, Inc.*,
  515 F.3d 1019 (9th Cir. 2008) .....................................................................5

*Gonzalez v. Tanimura & Antle, Inc.*,
  No. CV 06-2485-PHX-MHM, 2008 WL 4446536 (D. Ariz. Sept. 30, 2008)...........................................................................................................11, 12

*Hambleton Bros. Lumber Co. v. Balkin Enter., Inc.*,
  397 F.3d 1217 (9th Cir. 2005) .....................................................................25

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*,
  105 Wn.2d 778, 719 P.2d 531 (1986)..............................................21, 24, 25

*Jamison v. Storm*,
  426 F. Supp. 2d 1144 (W.D. Wash. 2006) ...................................................12

*Klem v. Wash. Mut. Bank*,
  176 Wn.2d 771, 295 P.3d 1179 (2013)......................................................22, 23

*Martinez v. Shinn*,
  No. C-89-813-JBH, 1991 WL 84473 (E.D. Wash. May 20, 1991) ...............12

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
  475 U.S. 574 (1986)......................................................................................5

DEFENDANT MERCER CANYONS, INC.'S
MOTION FOR SUMMARY JUDGMENT
No. 1:14-CV-03032-SAB – iii
05701-0011/LEGAL124164322.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**TABLE OF AUTHORITIES**
**(continued)**

*Mellon v. Reg'l Trs. Servs. Corp.*,
    No. 31570-3-III, 2014 WL 3929884 (Wash. Ct. App. July 17, 2014) ...........................22

*Michael v. Mosquera-Lacy*,
    165 Wn.2d 595, 200 P.3d 695 (2009)......................................................................24, 25

*Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*,
    18 F.3d 1468 (9th Cir. 1994) ...........................................................................................5

*Olson v. JPMorgan Chase Bank, N.A.*,
    C13-5681 RJB, 2014 WL 2712032 (W.D. Wash. June 16, 2014) .................................24

*Picu v. Bot*,
    No. C14-00330 RSL, 2014 WL 2452756 (W.D. Wash. June 2, 2014) ...........................22

*Rodriguez v. Carlson*,
    943 F. Supp. 1263 (E.D. Wash. 1996)..............................................................................6

*Ruiz v. Fernandez*,
    No. CV-11-3088-RMP, 2012 WL 1442556 (E.D. Wash. Apr. 26, 2012).........................7

*Sandoval v. Rizzuti Farms, Ltd.*,
    656 F. Supp. 2d 1265 (E.D. Wash. 2009)..................................................................10, 16

*Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*,
    122 Wn.2d 299, 858 P.2d 1054 (1993).............................................................21, 24, 26

**STATUTES**

8 U.S.C. § 1101..........................................................................................................................8

8 U.S.C. § 1184..........................................................................................................................8

8 U.S.C. § 1188.............................................................................................................7, 8, 26

8 U.S.C. § 1324........................................................................................................................26

29 U.S.C. §§ 49 *et seq.* ...........................................................................................................8

DEFENDANT MERCER CANYONS, INC.'S
MOTION FOR SUMMARY JUDGMENT
No. 1:14-CV-03032-SAB – iv
05701-0011/LEGAL124164322.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

# TABLE OF AUTHORITIES
### (continued)

29 U.S.C. §§ 1801 *et seq.* ..................................................................................1

29 U.S.C. § 1802 ....................................................................................6, 17

29 U.S.C. § 1821 .........................................................................................6

29 U.S.C. § 1822 ....................................................................................6, 14

29 U.S.C. § 1831 .................................................................................. passim

29 U.S.C. § 1832 .................................................................................. passim

29 U.S.C. § 1854 .........................................................................................7

RCW 19.86.020 .........................................................................................21

RCW 49.52.050 ....................................................................................1, 28

RCW 49.52.070 ........................................................................................28

## Rules

Fed. R. Civ. P. 56.....................................................................................3, 5

## Regulations

20 C.F.R. § 655 ...........................................................................................8

20 C.F.R. §§ 655.100-.185 ........................................................................18

20 C.F.R. § 655.135 ..................................................................................18

20 C.F.R. § 655.151 ..................................................................................18

20 C.F.R. § 655.152 ..................................................................................18

20 C.F.R. § 655.153 ..................................................................................20

20 C.F.R. § 655.154 ..................................................................................18

DEFENDANT MERCER CANYONS, INC.'S
MOTION FOR SUMMARY JUDGMENT
No. 1:14-CV-03032-SAB – v
05701-0011/LEGAL124164322.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**TABLE OF AUTHORITIES**
**(continued)**

20 C.F.R. § 655.155...........................................................................................................19

20 C.F.R. § 655.158...........................................................................................................18

29 C.F.R. §§ 501.0 *et seq*...................................................................................................7

**OTHER AUTHORITIES**

H.R. Rep. No. 97-470, at 9 (1982), as reprinted in 1982 U.S.C.C.A.N. 4555 .......................17

DEFENDANT MERCER CANYONS, INC.'S
MOTION FOR SUMMARY JUDGMENT
No. 1:14-CV-03032-SAB – vi
05701-0011/LEGAL124164322.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## I.    INTRODUCTION

Plaintiffs Bacilio Ruiz Torres and Jose Amador allege causes of action against Mercer Canyons under the federal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. §§ 1801 *et seq*., Washington's Consumer Protection Act ("WCPA"), and a Washington wage law, RCW 49.52.050, based on alleged violations of the federal H-2A regulations allowing employers to use foreign workers for limited employment periods.  Because the H-2A regulations have no private right of action and Plaintiffs' effort to bootstrap H-2A regulatory requirements into claims under the AWPA and state law lack merit, Defendants move the Court for dismissal under Fed. R. Civ. P. 56.

Mercer Canyons is a family-owned farm located south of Prosser, Washington near the Columbia River.  In 2013, out of a concern that it may have insufficient seasonal workers, Mercer Canyons elected to use the federal H-2A program to hire foreign workers for temporary seasonal work in its vineyards.  After obtaining both state and federal government approvals through a Clearance Order, Mercer Canyons hired 22 foreign workers to perform specific vineyard tasks between May and September 2013.  Mercer Canyons also hired several domestic workers to perform H-2A designated work for the temporary seasonal period, with each such worker benefiting from the higher wage rate ($12/hour) required under the H-2A Clearance Order.  In addition, Mercer Canyons assigned certain of its other seasonal workers who started their employment before the H-2A program period (including Plaintiff Ruiz) to perform H-2A designated work at certain times, for which they were

DEFENDANT MERCER CANYONS, INC.'S
MOTION FOR SUMMARY JUDGMENT
No. 1:14-CV-03032-SAB – 1
05701-0011/LEGAL124164322.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

also paid the higher $12/hour H-2A rate.  In the end, the program worked as designed: Mercer Canyons had a sufficient workforce and both foreign and domestic workers benefited from the increased pay and other protections provided by the H-2A regulations.

Plaintiff Amador had worked at Safeway as a clerk for 12 years before allegedly driving to Mercer Canyons in March 2013 to inquire about seasonal agricultural work.  He met with a Mercer Canyons employee who asked that Amador sign in and leave his contact information.  Amador refused to do so, and left without applying for a job.  Amador claims, based solely on this purported visit, that he was "deceived" because Mercer Canyons violated purported H-2A regulations by not informing him about the availability of H-2A seasonal work paying $12/hour.

Plaintiff Ruiz worked at Mercer Canyons for nearly nine months in 2012, and returned in January 2013, several months before Mercer Canyons had been cleared to use the H-2A program.  Although he was not hired to perform the temporary H-2A work designated under the Clearance Order, at times Mercer Canyons assigned him to perform H-2A work.  When he performed H-2A work, Ruiz was paid the higher hourly rate ($12/hour) required by the H-2A regulations.  Ruiz alleges that Mercer Canyons violated the AWPA, WCPA, and Washington wage law by: (a) violating the purported H-2A requirement that H-2A employers must contact "former employees" to solicit their return to work; (b) violating the purported H-2A requirement that H-2A employers must inform existing employees about the availability of H-

DEFENDANT MERCER CANYONS, INC.'S
MOTION FOR SUMMARY JUDGMENT
No. 1:14-CV-03032-SAB – 2
05701-0011/LEGAL124164322.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

2A work; and (3) failing to pay him the $12/hour H-2A wage required under the Mercer Canyons Clearance Order when he performed H-2A work.

Recognizing that there is no private right of action in the H-2A regulations, Plaintiffs' complaint largely attempts to bootstrap the program's regulatory requirements into federal and state law causes of action on behalf of three putative subclasses.  In essence, Plaintiffs seek to act as private government enforcers of the H-2A regulations.  But Plaintiffs are not government enforcers and therefore must prove cognizable causes of action, supported by evidence, to withstand scrutiny under Fed. R. Civ. P. 56.

First, Plaintiffs' claims under the AWPA fail. The AWPA allows a private right of action for "seasonal" workers only for purposes of asserting violations of a regulation promulgated under the AWPA or a section of the AWPA.  The H-2A regulations are not promulgated under the AWPA, and Plaintiffs do not allege a violation of a rule promulgated under the AWPA. Further, their claims under specific AWPA sections fail:

- Section 1831(e), which is a disclosure statute requiring that upon the request of an agricultural worker an employee disclose certain information about the terms of his or her employment and pay-related information, fails because (a) there is no evidence that Plaintiffs ever requested information required to be disclosed from Mercer Canyons; (b) Amador was never employed by Mercer Canyons, and thus Mercer Canyons had no obligation to provide him with any information about the terms of his employment; and (c) Ruiz admits that Mercer Canyons provided

DEFENDANT MERCER CANYONS, INC.'S
MOTION FOR SUMMARY JUDGMENT
No. 1:14-CV-03032-SAB – 3
05701-0011/LEGAL124164322.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

with all of the information required to be disclosed under Section 1831(e) in the form of a written contract and paystubs, even though he did not request it.

- Plaintiff Ruiz's claim under Section 1832(a) of the AWPA, which requires that employers pay wages that are due, must be dismissed because Mercer Canyons paid all wages due and on time, and Ruiz admitted so during his deposition. Ruiz wanted to be paid $12/hour at all times while the foreign H-2A workers were at Mercer Canyons, but nothing in the AWPA requires such increased pay.

- Plaintiff Amador's AWPA claim fails for the additional and independent reason that he is not a "seasonal" or "migrant" worker protected by the AWPA.

Second, Plaintiffs' claims under the WCPA, which are based on alleged violations of the H-2A regulations, are deficient. Plaintiffs have not identified a deceptive act or practice committed by Mercer Canyons. Instead, they attempt to shoehorn the alleged H-2A compliance violations into *per se* violations of the WCPA, an effort that is legally and factually unsupported. Additionally, even if Plaintiffs could show a deceptive act or practice, they have not met the other required elements, including that the alleged deceptive conduct impacts the public and that they suffered an injury caused by the alleged deception.

Finally, Plaintiff Ruiz's claim under the Washington wage statute fails because it is premised on his unsupported allegation that he was not paid the H-

DEFENDANT MERCER CANYONS, INC.'S
MOTION FOR SUMMARY JUDGMENT
No. 1:14-CV-03032-SAB – 4
05701-0011/LEGAL124164322.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

2A rate of $12/hour when he performed H-2A work.  The facts do not support this allegation, and Mr. Ruiz himself admitted during his deposition that Mercer Canyons always paid him accurately and on-time.

## II.    ARGUMENT

**A.    Summary judgment standard.**

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the material facts at issue.  *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).  Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a). The moving party bears the initial burden.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To carry its burden, the moving party must demonstrate that the nonmoving party's case is not supported by the evidence.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once the moving party has done so, the burden then shifts to the nonmoving party to establish that there is a genuine issue of material fact.  *Matsushita Elec.*, 475 U.S. at 585-86.  To survive summary judgment, the nonmoving party "must establish the existence of a genuine factual dispute on the basis of admissible evidence; bare allegations without evidentiary support are insufficient to survive summary judgment."  *Estate of Tucker ex rel. Tucker v. Interscope Records, Inc.*, 515 F.3d 1019, 1033 n.14 (9th Cir. 2008).  The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec.*, 475 U.S. at 586.  Summary judgment must be granted against a party who fails to establish

DEFENDANT MERCER CANYONS, INC.'S
MOTION FOR SUMMARY JUDGMENT
No. 1:14-CV-03032-SAB – 5
05701-0011/LEGAL124164322.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

an essential element of a claim.  *Celotex*, 477 U.S. at 322-23.  This is so "even if there are genuine factual disputes regarding other elements of the claim." *Rodriguez v. Carlson*, 943 F. Supp. 1263, 1266-67 (E.D. Wash. 1996).

**B.    Plaintiffs' claims under the AWPA fail and must be dismissed.**

Plaintiffs attempt to assert claims under §§ 1831(e) and 1821(f) of the AWPA.  Compl. ¶¶ 33(a), 41.[1]  Plaintiff Ruiz also alleges violations of §§ 1832(a) and 1822(a) of AWPA.[2]  Compl. ¶ 39(b).  While attempting to couch their claims under the AWPA, Plaintiffs' allegations mainly focus on obligation required under the H-2A statute and regulations.

---

[1] Paragraph 33(a) of the Complaint, ECF No. 1, also alleges violation of 29 U.S.C. § 1832(f), but there is no such section in the AWPA.

[2] Neither Amador nor Ruiz alleges that they are migrant agricultural workers. *See* Compl. ¶ 3 ("In 2013, at the time Plaintiff Amador applied for work at Mercer Canyons he met the statutory definition of seasonal agricultural worker pursuant to 29 U.S.C. § 1802(10)(a)."); Compl. ¶ 4 ("In 2013, at the time Plaintiff Amador applied for work at Mercer Canyons he met the statutory definition of seasonal agricultural worker pursuant to 29 U.S.C. § 1802(10)(a)."); 29 U.S.C. § 1802(10)(B)(i) (the term "seasonal agricultural worker" does not include any migrant agricultural worker).  Therefore, although the Complaint alleges causes of action under 29 U.S.C. §§ 1821(f) and 1822(a), neither Plaintiff can assert these claims because these sections by their terms apply only to migrant agricultural workers.

DEFENDANT MERCER CANYONS, INC.'S
MOTION FOR SUMMARY JUDGMENT
No. 1:14-CV-03032-SAB – 6
05701-0011/LEGAL124164322.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Initially, it is critical to this motion that the H-2A statute and regulations do not create a private right of action.  *See Ruiz v. Fernandez*, No. CV-11-3088-RMP, 2012 WL 1442556, at *3 (E.D. Wash. Apr. 26, 2012) ("[T]here is no private federal cause of action for enforcement of the rights provided by the H–2A program and incorporated into the contracts between H–2A employees and employers.").[3]  Indeed, this Court has already recognized that there is no private right of action under the H-2A program.  *See* ECF No. 46 at 2.  This is important because Plaintiffs' claims rest almost entirely on alleged non-compliance with H-2A regulations.

The AWPA creates a limited private right of action, allowing "any person aggrieved by a violation of this chapter or any regulation under this chapter" to "file suit in any district court of the United States having jurisdiction of the parties . . . ."  29 U.S.C. § 1854(a) (emphasis added).  Accordingly, there are two avenues for asserting a private cause of action under the AWPA: (1) asserting a violation of a regulation promulgated under the AWPA or (2) asserting a violation of the AWPA itself.  Plaintiffs have established neither.

―――――――――――――――

[3] Congress vested the Secretary of Labor with the exclusive authority to enforce the H-2A laws and regulations.  *See* 8 U.S.C. § 1188; 29 C.F.R. §§ 501.0 *et seq*.

DEFENDANT MERCER CANYONS, INC.'S
MOTION FOR SUMMARY JUDGMENT
No. 1:14-CV-03032-SAB – 7
05701-0011/LEGAL124164322.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**1. Plaintiffs do not allege that Mercer Canyons violated a regulation promulgated under the AWPA.**

In addition to asserting violations of certain sections of the AWPA (discussed below), Plaintiffs allege violations of the federal regulations governing the H-2A program.  Compl. ¶¶ 8-11, 21, 23, 26-27.  But violations of the H-2A regulations may not form the basis of a claim under the AWPA because the H-2A regulations were not promulgated under the AWPA. Instead, the H-2A regulations were promulgated under 8 U.S.C. §§ 1101(a)(15)(H)(ii), 1184, and 1188, and 29 U.S.C. §§ 49 *et seq.*, statutes pertaining to the admission of nonimmigrants to the United States and the establishment and maintenance of a system of public employment offices in the United States.  *See* 20 C.F.R. § 655 (2014) (listing authority under which Subpart B—the H-2A regulations—was issued).  Therefore, any alleged violations of the H-2A regulations, even if true, cannot form the basis for a claim under the AWPA.

**2. Plaintiffs have failed to present evidence that Mercer Canyons violated any section of the AWPA.**

**a. Plaintiffs have not supported their claim that Mercer Canyons violated AWPA Section 1831(e).**

Section 1831(e) of the AWPA provides:  "No . . . agricultural employer . . . shall knowingly provide false or misleading information to any seasonal agricultural worker concerning the terms, conditions, or existence of agricultural employment required to be disclosed by subsection (a), (b), or (c) of this section."  29 U.S.C. § 1831(e).  Accordingly, a violation of 1831(e) is

DEFENDANT MERCER CANYONS, INC.'S
MOTION FOR SUMMARY JUDGMENT
No. 1:14-CV-03032-SAB – 8
05701-0011/LEGAL124164322.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

limited to violations of Sections 1831(a), (b), or (c), and such violations must be knowing violations.

As an initial matter, Plaintiff Amador's AWPA Section 1831(e) claims fail for two reasons independent of Plaintiff Ruiz's claims.  First, Amador is not protected by Section 1831(e) as explained in Section II.B.3., *infra*, because he was not a "seasonal worker" protected by the AWPA.  Amador had worked at Safeway for 12 years before allegedly inquiring about work at Mercer Canyons.  Second, the provisions of Section 1831(e) do not apply to Amador because the disclosure requirements it references relate to disclosures that must be given to an employee or worker offered employment.  It is undisputed that Amador was not employed by Mercer Canyons; indeed, he refused to leave his contact information at Mercer Canyons.  Accordingly, he is not protected by the disclosure required included in Section 1831(e).

Section 1831(a).  This section requires that an agricultural employer, upon request, disclose specified information "when an offer of employment is made" to a seasonal agricultural worker:

> Each farm labor contractor, agricultural employer, and agricultural association which recruits any seasonal agricultural worker (other than day-haul workers described in section 1802(10)(A)(ii) of this title) shall ascertain and, upon request, disclose in writing the following information when an offer of employment is made to such worker:

29 U.S.C. § 1831(a)(1) (emphasis added).

The information required to be disclosed under Section 1831(a)(1), upon request of the employee, includes the place of employment, the wage rates to be paid, the crops and kinds of activities on which the worker may be

DEFENDANT MERCER CANYONS, INC.'S
MOTION FOR SUMMARY JUDGMENT
No. 1:14-CV-03032-SAB – 9
05701-0011/LEGAL124164322.1

employed, the period of employment, and whether workers' compensation insurance is provided.  29 U.S.C. § 1831(a)(1)(A)-(H).

Amador has no standing to assert this claim because it is undisputed that Mercer Canyons never offered him employment; indeed, it is undisputed that he never applied for a job with Mercer Canyons. Mercer Canyons Statement of Undisputed Facts ("SOF") ¶ 22 (ECF No. 48).  Therefore, Amador cannot assert a claim under Section 1831(a).

Ruiz, who was offered employment in January 2013, before the H-2A requirements began, has not alleged that he ever requested from Mercer Canyons the information required to be disclosed by Section 1831(a).  SOF ¶ 31.  Therefore, Mercer Canyons was not required by the AWPA to disclose such information and cannot be found to have violated that section. Furthermore, it is undisputed that, even though Ruiz did not request the information, Mercer Canyons provided him with the information required by Section 1831(a)(1) when it made its offer of employment.  *Id.*

Section 1831(b).  Section 1831(b) requires that agricultural employers of seasonal agricultural workers "post in a conspicuous place a poster provided by the Secretary setting forth the rights and protections afforded such workers under this chapter . . . ."  The notice requirement is intended to protect workers actually employed by an agricultural employer.  *See Sandoval v. Rizzuti Farms, Ltd.*, 656 F. Supp. 2d 1265, 1273 (E.D. Wash. 2009) (sustaining claim under Section 1831(b) for plaintiff who had been employed by defendant).

Amador was not employed by Mercer Canyons in 2013, SOF ¶ 22, and is therefore unable to pursue claims under subsection (b) of Section 1831.  Ruiz

DEFENDANT MERCER CANYONS, INC.'S
MOTION FOR SUMMARY JUDGMENT
No. 1:14-CV-03032-SAB – 10
05701-0011/LEGAL124164322.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

has not alleged that Mercer Canyons did not post such a sign and has alleged no facts supporting such a claim. Accordingly, Plaintiffs offer no evidence supporting a violation of 1831(b).

Section 1831(c). Section 1831(c) requires employers to make, keep, and provide to workers the following information for each pay period: the basis on which wages are paid, the number of hours worked, the total pay period earnings, the specific sums withheld and the purpose of each sum withheld, and the net pay. Like Section 1831(b), this subsection can only be read to protect workers actually employed by an agricultural employer. *See, e.g.*, *Gonzalez v. Tanimura & Antle, Inc.*, No. CV 06-2485-PHX-MHM, 2008 WL 4446536, at *1, 14 (D. Ariz. Sept. 30, 2008) (plaintiffs asserting claim under Section 1831(c) currently or previously worked for agricultural employer).

Amador, because he was not employed by Mercer Canyons in 2013, SOF ¶ 22, is unable to pursue a claim under Section 1831(c).

Ruiz has not shown that Mercer Canyons did not provide the information listed in Section 1831(c). Indeed, he plainly admits that Mercer Canyons provided him with paycheck documents that included the required information, including the number of hours he worked, his hourly rate and total pay. SOF ¶ 32. Ruiz's payroll information also detailed the number of hours Ruiz worked on H-2A and non–H-2A work, along with the corresponding wage Mercer Canyon paid him for each type of work. SOF ¶ 34. Further, Ruiz has not disputed that the paystubs Mercer Canyons provided him were accurate. SOF ¶ 32. Ruiz's allegations that he should have been paid a higher rate when

DEFENDANT MERCER CANYONS, INC.'S
MOTION FOR SUMMARY JUDGMENT
No. 1:14-CV-03032-SAB – 11
05701-0011/LEGAL124164322.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

performing H-2A work, Compl. ¶¶ 25-26, cannot sustain Ruiz's cause of action under Section 1831(c), which is limited to disclosure requirements.

While Ruiz may have wanted to earn a higher wage ($12/hour), this desire is irrelevant to whether Mercer Canyons' recordkeeping fulfilled the requirements of Section 1831(c).  Employers violate Section 1831(c) when they do not record information accurately or do not provide the required information to an employee.  *See, e.g.*, *Gonzalez*, 2008 WL 4446536, at *14 (AWPA requires both hourly and group incentive bonus pay to be included on paystub); *Martinez v. Shinn*, No. C-89-813-JBH, 1991 WL 84473, at *17 (E.D. Wash. May 20, 1991), *amended on other grounds*, 1991 WL 150184 (E.D. Wash. July 31, 1991), *aff'd*, 992 F.2d 997 (9th Cir. 1993) (concluding defendants had violated Section 1831(c) by failing to specify deductions from pay, failing to track hours worked by the plaintiffs, and failing to provide the required paystubs).  That is not the case here.

In summary, neither Amador nor Ruiz has established a violation of Section 1831(e).  Subsections (a), (b), and (c) of Section 1831 protect only workers to whom an offer has been extended and workers who are employed by an agricultural employer.  Because it is undisputed that Amador did not receive an offer of employment from Mercer Canyons and did not work for Mercer Canyons in 2013, as a matter of fact, he has no standing to assert a Section 1831(e) violation.  *Cf. Jamison v. Storm*, 426 F. Supp. 2d 1144, 1159-60 (W.D. Wash. 2006) (plaintiff's statutory claim failed because plaintiff "[could not] establish that she [was] within the class of persons intended to be protected").  Ruiz has similarly failed to summon any evidence showing a

DEFENDANT MERCER CANYONS, INC.'S
MOTION FOR SUMMARY JUDGMENT
No. 1:14-CV-03032-SAB – 12
05701-0011/LEGAL124164322.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

violation of Section 1831(e).  He has not identified any deficiency in the information provided to him when an offer of employment was made in violation of 1831(a), has not alleged a violation of Section 1831(b), and has not produced or identified evidence demonstrating a recordkeeping defect in violation of Section 1831(c).

Plaintiffs' claims under Section 1831(e), consistent with their entire effort to enforce H-2A regulations, are based on an inaccurate theory that a private right of action is created when an agricultural employer does not disclose the information purportedly required by the H-2A regulations.  Not so. By its very terms, Section 1831(e) only prohibits an employer from failing to provide the information "required to be disclosed by subsection (a), (b), or (c) of this section."  29 U.S.C. § 1831(e).  Plaintiffs not only fail to offer evidence of such a violation, they did not allege such violations in the Complaint, instead resting on purported H-2A requirements.  For example, the Complaint alleges that Mercer Canyons promised, as part of its H-2A application, to inform job seekers of the terms and conditions of the job listed on the ETA 790 Form; that "Amador and his family members were never informed about available work under the terms and conditions of the H-2A Clearance Order"; and that "Mercer Canyons never informed Plaintiff Ruiz that work was available as a vineyard laborer pursuant to the H-2A Clearance Order . . . ." Compl. ¶¶ 11, 21, 27.  But neither the AWPA nor regulations promulgated by the AWPA require the disclosure of this information.  Accordingly, even if Mercer Canyons did not provide information about H-2A work required by the

DEFENDANT MERCER CANYONS, INC.'S
MOTION FOR SUMMARY JUDGMENT
No. 1:14-CV-03032-SAB – 13
05701-0011/LEGAL124164322.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

H-2A regulations, Plaintiffs cannot bootstrap an H-2A regulatory compliance violation into a violation of Section 1831(e).

> **b.    Ruiz has not shown a violation of Sections 1822(a) or 1832(a) because there is no evidence that he was not paid the correct wages.**

Ruiz alleges that Mercer Canyons violated Sections 1822(a) and 1832(a) by not paying him the higher H-2A rate ($12/hour) when performing H-2A designated work.  Ruiz has no evidence to support his allegation.

First, Section 1822(a) is inapplicable to Plaintiffs because it only applies to migrant workers: "Each farm labor contractor, agricultural employer, and agricultural association which employs any <u>migrant</u> agricultural worker shall pay the wages owed to such worker when due."  29 U.S.C. § 1822(a) (emphasis added).  As noted above, it is undisputed that Plaintiffs are not migrant workers; accordingly, this section is inapplicable.

Second, Ruiz has not identified any evidence suggesting that Mercer Canyons violated Section 1832(a), which requires that agricultural employers pay seasonal agricultural workers "the wages owed to such worker when due."  29 U.S.C. § 1832(a).  Ruiz admits that his pay as reflected on his paystubs was accurate and that he was paid on-time.  SOF ¶ 32.  This admission alone is grounds to dismiss his cause of action under Section 1832(a).

Instead of alleging that he was not paid what Mercer Canyons promised to pay him, or alleging that he was not paid on time, Ruiz alleges a violation of H-2 regulations, claim that at certain times he performed work designated under the H-2A Clearance Order but was not paid the required $12 per hour.

DEFENDANT MERCER CANYONS, INC.'S
MOTION FOR SUMMARY JUDGMENT
No. 1:14-CV-03032-SAB – 14
05701-0011/LEGAL124164322.1

Compl. ¶¶ 25-26, 43.  Based on his allegations of H-2A violations, Ruiz asserts he was not paid wages due in violation of Section § 1832(a).

Initially, the Court should dismiss this theory of liability because it is based on Plaintiffs' transparent attempt to state a cause of action for H-2A violations.  But as this Court has already determined, there is no private right of action under the H-2A regulations.  Nor have Plaintiffs identified any legal authority suggesting that H-2A regulations may be privately enforced through the AWPA.  For this reason alone Plaintiff Ruiz's claim under Section 1832(a) of the AWPA must be dismissed.

Even if the Court decides to consider whether Mercer Canyons complied with the payment requirements of the H-2A regulations, Plaintiff Ruiz's payment claim must also be dismissed because the undisputed facts prove that Mercer Canyons paid him what he was owed, including the higher H-2A rate when he performed H-2A work.

The H-2A regulations require that an employer pay the foreign H-2A workers the hourly rate stated in the Clearance Order, which was $12/hour in this case.  The H-2A regulations also require that employers using the program pay non-H-2A workers the H-2A rate for "corresponding employment."  20 C.F.R. § 655.182(d)(1)(i).  The H-2A regulations define "corresponding employment" as "[t]he employment of workers who are not H-2A workers by an employer who has an approved H-2A *Application for Temporary Employment Certification* in any work included in the job order, or in any agricultural work performed by the H-2A workers."  20 C.F.R. § 655.103(b).  The H-2A regulations do not require that H-2A wages be paid to all non-H-2A

DEFENDANT MERCER CANYONS, INC.'S
MOTION FOR SUMMARY JUDGMENT
No. 1:14-CV-03032-SAB – 15
05701-0011/LEGAL124164322.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

workers at all times if their employer is enrolled in the H-2A program.  Rather, wage parity is required only when a non–H-2A worker performs H-2A work specifically identified in the job order.

Mercer Canyons tracked the time when non–H-2A employees, including Ruiz, performed work covered under the H-2A Clearance Order or performed other work that was also performed by the H-2A workers.  SOF ¶ 13.  If a non–H-2A worker performed H-2A work, he or she was compensated at the H-2A rate of $12 per hour.  *Id.*  In accordance with this practice, Ruiz performed H-2A work included in the Clearance Order, and when he did so he was compensated at a rate of $12 per hour.  SOF ¶ 34.  Ruiz cannot identify a single instance in which he performed H-2A work but was not compensated at the H-2A rate.  *Id.*  Ruiz also has not claimed that Mercer Canyons' record of the hours he worked is incorrect.  SOF ¶ 32.  Ruiz therefore has failed to establish that he was not compensated for corresponding employment in violation of the H-2A regulations.

Without evidence to support a claim that Mercer Canyons did not pay Ruiz the amount owed to him when it was due, summary judgment must be granted on this claim.  *See Sandoval*, 656 F. Supp. 2d at 1273 (granting summary judgment in favor of defendant on Section 1832(a) claim after defendant presented evidence that plaintiff was paid for the hours worked based on the hours recorded and plaintiff did not assert that the hours were incorrect).

DEFENDANT MERCER CANYONS, INC.'S
MOTION FOR SUMMARY JUDGMENT
No. 1:14-CV-03032-SAB – 16
05701-0011/LEGAL124164322.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

### 3.    Amador is not protected under the AWPA because he is not a "seasonal worker."

In addition to the reasons stated above, Plaintiff Amador's claims under the AWPA must be dismissed because he is not entitled to protection under the AWPA because he is not a "seasonal agricultural worker" as defined by the AWPA.  Section 1831(e) states that its protection applies only to seasonal agricultural workers.  Under the AWPA, a seasonal agricultural worker is a person "who is employed in agricultural employment of a seasonal or other temporary nature and is not required to be absent overnight from his permanent place of residence . . . ."  29 U.S.C. § 1802(10)(A).  The House Report on the AWPA makes it clear that the Committee did not intend for an individual to be considered a "seasonal agricultural worker" indefinitely.  *See* H.R. Rep. No. 97-470, at 9 (1982), as reprinted in 1982 U.S.C.C.A.N. 4555 (recognizing that an individual worker may be a seasonal agricultural worker for a period of a day and entitled to the protections of the AWPA only during that period).

Amador's experiences in agricultural work occurred while he was in high school, in 2001 and 2002.  SOF ¶ 15.  His only vineyard experience lasted three months in 2001.  *Id.*  Since 2002, he has not been employed as an agricultural worker, but instead worked as a clerk at Safeway.  *Id.*  Amador also did not seek out any other agricultural employment before or after visiting Mercer Canyons.  SOF ¶ 20.

Under the terms of the AWPA, Amador was not a "seasonal agricultural worker" in 2013 when he visited Mercer Canyons and had not been a seasonal agricultural worker for over a decade.  Accordingly, his claims under the

DEFENDANT MERCER CANYONS, INC.'S
MOTION FOR SUMMARY JUDGMENT
No. 1:14-CV-03032-SAB – 17
05701-0011/LEGAL124164322.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

AWPA must be dismissed since he does not fall within a group that is protected by the statute. *Cf. Bran v. Sun Pac. Farming Coop.*, No. CV F 06-0871-LJO-TAG, 2007 WL 781865, at *1 (E.D. Cal. Mar. 13, 2007) ("[Plaintiff] was voluntarily dismissed from this action as plaintiff and class representative, because as a tractor driver, he is not a 'seasonal agricultural worker' under the Workers Protection Act and therefore did not have standing.").

### 4. Even if Plaintiffs could assert an AWPA claim based on H-2A violations, Mercer Canyons did not violate H-2A regulations.

#### a. The H-2A regulations did not require Mercer Canyons to inform job seekers like Amador of H-2A work.

Plaintiff Amador implies that Mercer Canyons violated the H-2A regulations by failing to inform him about the existence of H-2A work when he arrived at the front office. Compl. ¶¶ 10-11. This assertion that this was required of Mercer Canyons is not supported by any H-2A requirement.

The H-2A regulations, 20 C.F.R. §§ 655.100-.185, do not require that H-2A employers inform job seekers who show up at an employer's office about the availability of H-2A work. Section § 655.135 covers the "[a]ssurances and obligations of H-2A employers," including requirements regarding hiring practices in subsection (a) and recruitment in subsection (b). This regulation does not impose affirmative disclosure obligations to individuals who merely inquire about work and do not apply for employment. Nor do the other sections regarding recruitment impose such an obligation. *See, e.g.*, 20 C.F.R. §§ 655.151, .152, .154, .158.

DEFENDANT MERCER CANYONS, INC.'S
MOTION FOR SUMMARY JUDGMENT
No. 1:14-CV-03032-SAB – 18
05701-0011/LEGAL124164322.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Similarly, the ETA Form 790 (the Clearance Order) issued by the Washington Employment Security department, which like the H-2A regulations Plaintiffs cannot enforce, also does not impose a duty on Mercer Canyons to inform job seekers about the availability of H-2A work. While under the heading "Referrals," ETA Form 790 states that "[j]ob seekers will be informed of terms and conditions of the job by information contained in the ETA 790 form and this attachment[,]" this obligation, when read in the context of the H-2A regulations, applies to the State Workforce Agency referring workers for employment rather than to any requirement of the employer when individuals inquire about work at their office. *See* 20 C.F.R. § 655.155 ("[State Workforce Agencies] may only refer for employment individuals who have been apprised of all the material terms and conditions of employment . . . ."). Amador has not demonstrated that the H-2A regulations obligated Mercer Canyons to inform him of available H-2A work when he inquired at its office.[4]

### b. The H-2A regulations did not require Mercer Canyons to solicit Ruiz's return to work as a domestic H-2A worker since he was already a current employee.

Ruiz alleges that Mercer Canyons did not solicit his "return to work as a vineyard laborer pursuant to the H-2A Clearance Order that paid $12 an hour." Compl. ¶ 23. The H-2A regulations require an employer to "contact . . . its

------------

[4] Amador testified that he went to the State Workforce Agency to look for work before he inquired at Mercer Canyons. However, he did not register at Workforce to obtain specific job information, including information the Workforce Agency had about Mercer Canyons. SOF ¶ 19.

DEFENDANT MERCER CANYONS, INC.'S
MOTION FOR SUMMARY JUDGMENT
No. 1:14-CV-03032-SAB – 19
05701-0011/LEGAL124164322.1

former U.S. workers . . . employed by the employer in the occupation at the place of employment during the previous year and solicit their return to the job. This contact must occur during the period of time that the job order is being circulated by the [State Workforce Agencies] for interstate clearance . . . ." 20 C.F.R. § 655.153 (emphasis added).  The Clearance Order did not contain any additional recruitment requirements.  SOF ¶ 11.

In 2013, Ruiz started working at Mercer Canyons in January.  SOF ¶ 30. The job order was circulated beginning in March 2013.  SOF ¶ 9.  Accordingly, by the time this regulation (§ 655.153) required Mercer Canyons to contact its former employees, Plaintiff Ruiz had already returned to work at Mercer Canyons, and he was no longer a "former" Mercer Canyon employee. Therefore, Mercer Canyons had no obligation to contact him.

Ruiz also alleges that Mercer Canyons never informed him "that work was available as a vineyard laborer pursuant to the H-2A Clearance Order that paid $12 an hour."  Compl. ¶ 27.  The H-2A Regulations do not require that an employer notify current employees about the availability of H-2A work.  Thus, even if Mercer Canyons had never informed Ruiz about available H-2A work, it would not constitute a violation of the H-2A regulations.

**C.    Plaintiffs' claims under Washington law are unsupported by the evidence.**

**1.    The undisputed facts do not establish a violation of Washington's Consumer Protection Act.**

Based on the same facts alleged for their claims under Section 1831(e) of the AWPA, which in turn are based on alleged violations of H-2A

DEFENDANT MERCER CANYONS, INC.'S
MOTION FOR SUMMARY JUDGMENT
No. 1:14-CV-03032-SAB – 20
05701-0011/LEGAL124164322.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

regulations, Amador and Ruiz also assert a cause of action under Washington's Consumer Protection Act, RCW 19.86.020.  Compl. ¶ 42.

The WCPA provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."  RCW 19.86.020.  The Washington State Supreme Court has identified five elements necessary to a support a WCPA claim: "(1) an unfair or deceptive act or practice; (2) which occurs in trade or commerce; (3) that impacts the public interest; (4) which causes injury to the plaintiff in his or her business or property; and (5) which injury is causally linked to the unfair or deceptive act."  *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 312, 858 P.2d 1054, 1061 (1993).  A court may decide as a matter of law whether an act or practice is actionable under the WCPA.  *Dombrosky v. Farmers Ins. Co. of Wash.*, 84 Wn. App. 245, 260, 928 P.2d 1127, 1136 (1996), *as amended* (Feb. 7, 1997).

### a.    Plaintiffs cannot establish an unfair act or practice.

Traditionally, a plaintiff may establish the first two elements of a WCPA claim by demonstrating either that an act constitutes a per se unfair trade practice or that an unfair act or practice occurred in the conduct of trade or commerce and has the capacity to deceive a substantial portion of the public. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 785-86, 719 P.2d 531, 535 (1986).  Recently, the Washington State Supreme Court held that a claim under the WCPA may be predicated upon a third showing: "an unfair or deceptive act or practice not regulated by statute but in

DEFENDANT MERCER CANYONS, INC.'S
MOTION FOR SUMMARY JUDGMENT
No. 1:14-CV-03032-SAB – 21
05701-0011/LEGAL124164322.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

violation of public interest." *Klem v. Wash. Mut. Bank*, 176 Wn.2d 771, 787, 295 P.3d 1179, 1187 (2013).

First, here there is no *per se* violation. An act or practice is per se unfair or deceptive if it violates a statute that describes the conduct at issue as an unfair or deceptive act or practice in trade or commerce. *Mellon v. Reg'l Trs. Servs. Corp.*, No. 31570-3-III, 2014 WL 3929884, at *3 (Wash. Ct. App. July 17, 2014). Neither Amador nor Ruiz has alleged the existence of such a statute or its violation, and thus they have not demonstrated that Mercer Canyons' conduct was per se unfair or deceptive. *See id.*

Second, Plaintiffs offer insufficient evidence to prove that Mercer Canyons engaged in an unfair act or practice occurring in trade or commerce that had the capacity to deceive a substantial portion of the public.

Even assuming, arguendo, that Mercer Canyons did not inform Amador about the availability of H-2A work, and that such communication (or lack of communication) was commerce directly or indirectly affecting the people of the State of Washington, Amador cannot demonstrate that the act has the capacity to deceive a substantial portion of the public. At most, the conduct at issue, as alleged by Amador, resulted in three individuals not being told about certain types of work at Mercer Canyons. SOF ¶¶ 18, 21. There is no state law (or federal law, as discussed *supra*) that required Mercer Canyons to inform Amador about the availability of H-2A work. And even if the H-2A regulations required such a disclosure, this discrete and isolated interaction between Mercer Canyons and Amador does not have the capacity to deceive a substantial portion of the public. *See Picu v. Bot*, No. C14-00330 RSL, 2014

DEFENDANT MERCER CANYONS, INC.'S
MOTION FOR SUMMARY JUDGMENT
No. 1:14-CV-03032-SAB – 22
05701-0011/LEGAL124164322.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

WL 2452756, at *6 (W.D. Wash. June 2, 2014) ("[T]he oral contract at issue here and the alleged failure to pay wages in this case affects only defendants' employees (and, more specifically, these two particular employees); such practices are not likely to deceive a substantial portion of the public.").

Similarly, with respect to Plaintiff Ruiz, even if Mercer Canyons had a duty to disclose the availability of H-2A corresponding work to its current employees, Ruiz cannot demonstrate that Mercer Canyons' failure to inform him had the capacity to deceive a substantial portion of the public. *See Aziz v. Knight Transp.*, No. 2:12-cv-00904 RSL, 2012 WL 3596370, at *2 (W.D. Wash. Aug. 21, 2012) ("[A]cts affect[ing] only the individuals employed by defendant (between 50 and 295 people, according to plaintiff) and are not likely to deceive a substantial portion of the public."). Ruiz himself was not deceived. He was aware of the H-2A work and wages and was paid $12 per hour for his H-2A corresponding work. SOF ¶¶ 33-34.

Third, the Washington State Supreme Court's newly added third approach to establishing the first two elements of a WCPA claim—"an unfair or deceptive act or practice not regulated by statute but in violation of public interest"—has not been litigated. *Klem*, 176 Wn.2d 771 at 787, 295 P.3d at 1187. However, as explained in Section II.C.1.b., Plaintiffs have not shown a public interest impact, and thus cannot use this third approach to proving a WCPA claim.

Because neither Plaintiff is able to establish the first two essential elements of a WCPA claim, summary judgment should be granted.

**b.    The undisputed facts show no impact to the public interest.**

The third necessary element of a WCPA claim is an impact to the public interest. *Fisons Corp.*, 122 Wn.2d at 312, 858 P.2d at 1061. Conduct that merely affects a few parties is not normally an act or practice affecting the public interest. *See Hangman Ridge*, 105 Wn.2d at 790, 719 P.2d at 538 ("Ordinarily, a breach of a private contract affecting no one but the parties to the contract is not an act or practice affecting the public interest."). A private dispute may affect the public interest if there is a "likelihood that additional plaintiffs have been or will be injured in exactly the same fashion . . . ." *Id.*

The Supreme Court of Washington has identified factors indicating a public interest impact: "(1) Were the alleged acts committed in the course of defendant's business? (2) Did defendant advertise to the public in general? (3) Did defendant actively solicit this particular plaintiff, indicating potential solicitation of others? (4) Did plaintiff and defendant occupy unequal bargaining positions?" *Id.* at 790-91, 719 P.2d at 538. No single factor is dispositive in this analysis. *Michael v. Mosquera-Lacy*, 165 Wn.2d 595, 605, 200 P.3d 695, 700 (2009). Demonstrating a public interest in private disputes is more difficult. *Id.* at 605, 200 P.3d at 700 ("For private disputes, 'it may be more difficult to show that the public has an interest in the subject matter.'" (quoting *Hangman Ridge*, 105 Wn. 2d 790, 719 P.2d at 531)); *see also Olson v. JPMorgan Chase Bank, N.A.*, C13-5681 RJB, 2014 WL 2712032 (W.D. Wash. June 16, 2014) (plaintiff failed to satisfy the public interest

DEFENDANT MERCER CANYONS, INC.'S
MOTION FOR SUMMARY JUDGMENT
No. 1:14-CV-03032-SAB – 24
05701-0011/LEGAL124164322.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

element of the WCPA claim because transaction at issue affected only the parties involved).

Applying the *Hangman* factors for public interest impact demonstrates that neither Plaintiff can show an impact to the public interest.  Mercer Canyons did not actively solicit Amador,  SOF ¶ 21, and did not actively solicit Ruiz prior to his employment in 2012, *id.* ¶ 29.  Mercer Canyons indicated to the public that it was hiring workers in 2013.  *See id.* ¶ 12.  Amador had been employed by Safeway before and after his visit to Mercer Canyons.  *Id.* ¶ 17.  Ruiz also had the ability to pursue other work at other agricultural employers paying a higher wage, *id.* ¶ 35; Mercer Canyons often lost workers over the course of a season to higher-paying jobs, *id.* ¶ 3.  Thus, the parties' bargaining positions were not unequal.  *See Michael*, 165 Wn.2d at 605, 200 P.3d at 700 (plaintiff could have chosen any dentist and therefore bargaining positions were not unequal).  These three factors demonstrate that Plaintiffs' private grievances with Mercer Canyons do not have a public interest impact.  *See id.* (concluding that plaintiff failed to show that her lawsuit would serve the public interest because the defendant did not advertise to the general public or actively solicit the plaintiff, and because plaintiff could have chosen another dentist); *see also Hambleton Bros. Lumber Co. v. Balkin Enter., Inc.*, 397 F.3d 1217, 1235 (9th Cir. 2005) (affirming grant of summary judgment on WCPA claim after determining that defendant did not advertise or solicit plaintiff and that parties did not occupy unequal bargaining positions).  Therefore, Mercer Canyons is entitled to judgment as to Plaintiffs' WCPA claims.

DEFENDANT MERCER CANYONS, INC.'S
MOTION FOR SUMMARY JUDGMENT
No. 1:14-CV-03032-SAB – 25
05701-0011/LEGAL124164322.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

### c.    Plaintiffs cannot show a causal link between Mercer Canyons' actions and any injury.

To sustain a claim under the WCPA, Plaintiffs must show a causal link between the allegedly unfair or deceptive act or practice and the injuries they claim to have suffered.  *Fisons Corp.*, 122 Wn.2d at 312, 858 P.2d at 1061. Plaintiffs cannot establish this link.

Plaintiff Amador.  Other than alleging as injury loss of wages because Mercer Canyons did not hire him to perform the work identified in the H-2A Clearance Order at $12/hour, Plaintiff Amador has not identified any injury. However, as this Court has already held, Plaintiff Amador may not seek to enforce the H-2A regulations because there is no private right of action.  ECF No. 46 at 2.  To the extent Plaintiff Amador attempts to prove his damages as the amount he would have received if hired under the H-2A program, he must prove that he was eligible for H-2A work.  Under the statute authorizing the H-2A program, an "eligible individual" must be "an alien lawfully admitted for permanent residence" or who is "authorized to be . . . employed . . . ."  8 U.S.C. §§ 1188(i)(1), 1324a(h)(3).  Amador has not established that he is an "eligible individual" under the H-2A regulations, and in fact has obtained a protective order preventing Mercer Canyons from determining whether he was an "eligible individual."  ECF No. 46.  Without demonstrating that he was eligible for H-2A work, Amador cannot show any injury to sustain his WCPA claim.

Furthermore, when he inquired about work at Mercer Canyons, Amador refused to provide his contact information to allow Mercer Canyons to contact him regarding work opportunities.  After inquiring about work at Mercer

DEFENDANT MERCER CANYONS, INC.'S
MOTION FOR SUMMARY JUDGMENT
No. 1:14-CV-03032-SAB – 26
05701-0011/LEGAL124164322.1

Canyons, Amador was asked to fill out a form labeled "Employment Information Form" but he refused to do so.  SOF ¶ 21.  It was Mercer Canyons' practice to ask job seekers to provide contact information.  *Id.* ¶ 24. Beginning on March 24, 2013, Mercer Canyons used this information to screen applicants.  *Id.*  By refusing to provide any contact information to allow for a follow-up regarding job opportunities, Amador severed any causal link between what he was told during his visit to Mercer Canyons and any alleged injury.

Finally, Amador testified during his deposition that he does not believe that Mercer Canyons provided him with any false information.  SOF ¶ 26.

Plaintiff Ruiz.  With respect to Ruiz, he also fails to show a causal link between the allegedly unfair or deceptive act or practice and the injury he claims to have suffered.  Ruiz claims that Mercer Canyons violated the WCPA when it failed to inform him about the availability of H-2A work.  Compl. ¶ 42. Ruiz testified that he became aware of the H-2A wages in March 2013.  SOF ¶ 33.  The undisputed evidence also demonstrates Ruiz did perform some H-2A work and that Mercer Canyons paid Ruiz the higher rate when he performed work under the H-2A contract beginning on June 16, 2013.  *Id.*  ¶ 34.  Not only has Ruiz failed to identify any requirement that Mercer Canyon advise him of the availability of H-2A work (*see supra*), he also has not established that he would have been able to obtain more H-2A work if he had been aware of it earlier.  Because Plaintiff Ruiz cannot establish a causal link between Mercer Canyons' actions and his alleged injury, his WCPA claim fails for this additional, independent reason.

DEFENDANT MERCER CANYONS, INC.'S
MOTION FOR SUMMARY JUDGMENT
No. 1:14-CV-03032-SAB – 27
05701-0011/LEGAL124164322.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**2.    Ruiz cannot sustain his claim under Washington law that Mercer Canyons did not pay wages owed to him when due.**

Ruiz asserts a state law claim similar to AWPA Section 1832(a), alleging that Mercer Canyons violated RCW 49.52.050(2) because it "had a practice of willfully withholding wages owed from Plaintiff Ruiz . . . by failing to pay . . . $12 an hour during the H-2A Clearance Order."  Compl. ¶ 45.  Ruiz contends that at times he performed H-2A designated work but was not paid $12/hour in violation of Washington law.  This claim, like his others, is an effort to enforce the H-2A regulations, which have no private right of action, and for this reason alone should be dismissed.

Washington Revised Code Section 49.52.050 prohibits employers from "[w]ilfully and with intent to deprive the employee of any part of his or her wages, . . . pay[ing] any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract . . . ."  RCW 49.52.050.  Section 49.52.070 creates civil liability for double damages for any employer who violates Section 49.52.050.

Ruiz has not established that Mercer Canyons was obligated to pay him more than it did.  His contract provided for pay at $9.19 per hour,  SOF ¶ 31, and he was paid for H-2A designated work at the rate of $12 per hour when he performed such work, as described in additional detail in Section II.B.2.b.  Ruiz has not identified a single instance where he performed H-2A work but was not paid $12/hour.  Therefore, Ruiz has not established that he was entitled to higher wages than he was paid and therefore cannot support his claim under RCW 49.52.050.

### III.    CONCLUSION

In 2013, Mercer Canyons for the first time elected to use the federal H-2A program to ensure an adequate seasonal workforce for its vineyards. After obtaining both federal and state approvals, it implemented the program, hiring 22 foreign workers who worked at its farm for approximately four months.  In addition, Mercer Canyons used domestic workers to perform work included in the H-2A Clearance Order, correctly paying the workers $12/hour when they performed H-2A designated work.

Plaintiff Amador, a longtime Safeway clerk, claims he was "deceived" because when he asked about work at Mercer Canyons' office he was not informed about the availability of H-2A work as he claims Mercer Canyons was required to do under H-2A regulations.  Plaintiff Ruiz, who had worked at Mercer Canyons in 2012 and returned again in January 2013, also alleges that he was "deceived" because he was not told about the H-2A work as allegedly required by the federal regulations, in addition to claiming he should have been paid $12/hour at certain, unidentified times.

Plaintiffs' complaint is a transparent attempt to enforce the H-2A regulations, which have no private right of action.  Plaintiffs make a failed effort to shoehorn their H-2A claims into the AWPA and state law.  For the reasons stated above, there is no genuine dispute as to any material fact and Mercer Canyons is entitled to judgment as a matter of law.

DEFENDANT MERCER CANYONS, INC.'S
MOTION FOR SUMMARY JUDGMENT
No. 1:14-CV-03032-SAB – 29
05701-0011/LEGAL124164322.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

DATED:  November 17, 2014

s/ Frederick B. Rivera, WSBA No. 23008
Michael T. Reynvaan, WSBA No. 12943
MReynvaan@perkinscoie.com
Frederick B. Rivera, WSBA No. 23008
FRivera@perkinscoie.com
Aurora R. Janke, WSBA No. 45862
AJanke@perkinscoie.com
Attorneys for Defendant Mercer
Canyons, Inc.
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

DEFENDANT MERCER CANYONS, INC.'S
MOTION FOR SUMMARY JUDGMENT
No. 1:14-CV-03032-SAB – 30
05701-0011/LEGAL124164322.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## CERTIFICATE OF SERVICE

I certify that on November 17, 2014, I electronically filed the foregoing **DEFENDANT MERCER CANYON, INC.'S MOTION FOR SUMMARY JUDGMENT AS TO ALL CLAIMS BY PLAINTIFFS JOSE AMADOR AND BACILIO RUIZ TORRES** with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

Lori Jordan Isley, WSBA #21724
David Solis, WSBA #46622
COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
Telephone: (509) 575-5593
Facsimile: (509) 575-4404
lori.isley@columbialegal.org
david.solis@columbialegal.org

Attorneys for Plaintiffs

Adam Berger, WSBA #20714
Martin S. Garfinkel, WSBA #20787
SCHROETER GOLDMARK &
BENDER
810 Third Avenue, Suite 500
Seattle, WA 98104
Telephone: (206) 622-8000
Facsimile: (206) 682-2305
berger@sgb-law.com
garfinkel@sgb-law.com

Attorneys for Plaintiffs

Joachim Morrison, WSBA #23094
COLUMBIA LEGAL SERVICES
300 Okanogan Avenue, Suite 2A
Wenatchee, WA 98801
Telephone: (509) 662-9681
Facsimile: (509) 662-9684
joe.morrison@columbialegal.org

Attorneys for Plaintiffs

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 17th day of November, 2014 in Seattle, Washington.

Breanne Buckley, Legal Secretary

CERTIFICATE OF SERVICE
No. 1:14-CV-03032-SAB – 1

05701-0011/LEGAL124164322.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000