UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BACILIO RUIZ TORRES and JOSE AMADOR, as individuals and on behalf of all other similarly situated persons,<br><br>    Plaintiffs,<br><br>    v.<br><br>MERCER CANYONS, INC.,<br><br>    Defendant. | 1:14-cv-03032-SAB<br><br>**ORDER RE CLASS NOTICE** |

Before the Court is Plaintiffs' Motion to Approve Proposed Class Notice, ECF No. 135, and Defendant's Motion to Stay the Motion to Approve Class Notice. ECF No. 147.

Class notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Class notice must also satisfy Federal Rule of Civil Procedure Rule 23(c)(2)(B) which provides that notice must clearly and concisely state in plain, easily understood language: 1) the nature of the action; 2) the definition of the certified class; 3) the class claims, issues, or defenses; 4) the right

**ORDER RE CLASS NOTICE** ~ 1

to make an appearance through an attorney; 5) the right to be excluded from the class; 6) the time and manner for opting out; and 7) the binding effect of a class judgment.

Here, the content of the proposed notice—as provided in Plaintiffs' reply, ECF No. 153, is adequate. It provides information regarding the nature of the case, the definition of the certified class, the relief being sought, the method of paying attorneys' fees, and the ability to and method to opt-out of the class. The notice need not contain a self-addressed stamped envelope for opting out.

Additionally, Plaintiffs' proposed method of notice is adequate as it is reasonably calculated to apprise potential class members of the action. Plaintiffs shall attempt notification by mail and also via a media-strategy which includes Spanish-language radio and Spanish-language and English-language newspaper advertisements.

Defendant proposes a temporary stay of class notice until May 25, 2015 or until the Ninth Circuit denies its Rule 23(f) Petition, whichever is sooner. Although the Court does not believe notice will prejudice Defendant, particularly in light of previous media coverage instigated by Defendant, the Court believes a temporary stay is prudent. A temporary stay will lessen the likelihood of needing to send multiple notices to potential class members and a delay until May 25, 2015 will not unduly prejudice Plaintiffs. Absent further action from this Court, Plaintiffs may begin the proposed method of notice on May 25, 2015, or upon the Ninth Circuit's denial of Defendant's Petition, whichever is sooner.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion to Approve Proposed Class Notice, ECF No. 135, as modified in the Reply, ECF No. 153, is **GRANTED**.
2. Defendant's Motion to Stay the Motion to Approve Class Notice, ECF No. 147, is **GRANTED**.

**ORDER RE CLASS NOTICE** ~ 2

3. Absent further order of this Court, Plaintiffs may begin the proposed method of providing class notice on May 25, 2015, or upon the Ninth Circuit's denial of Defendant's Rule 23(f) Petition, whichever is sooner.

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 7th day of May 2015.



_____
Stanley A. Bastian
United States District Judge

**ORDER RE CLASS NOTICE** ~ 3