UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BACILIO RUIZ TORRES and JOSE AMADOR, as individuals and on behalf of all other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>MERCER CANYONS, INC.,<br><br>Defendant. | 1:14-cv-03032-SAB<br><br>**ORDER ON MOTION TO RECONSIDER AND MOTION TO AMEND BRIEFING DEADLINES** |

Before the Court is a Stipulated Motion to Amend Briefing Deadlines, ECF No. 236, with a related motion to expedite, ECF No. 237; and Defendant's Motion to Reconsider Order Granting Motion for Leave to Amend Scheduling Order and to File Motions for Summary Judgment [ECF No. 230], ECF No. 233, along with a related motion to expedite, ECF No. 234. For the reasons below, the Court **GRANTS** the motion to amend briefing deadlines, and **DENIES** the motion to reconsider.

*ECF No. 236*: The passage of three federal holidays, and the flurry of activity in this case, causes the Court to find good cause to **GRANT** this motion. Defendant may file a response by January 20, 2017.

**ORDER ON MOTION TO RECONSIDER AND MOTION TO . . . ^ 1**

*ECF No. 233*: Granting a motion for reconsideration is an extraordinary remedy which is only appropriate if the court is presented with newly discovered evidence, an intervening change of law, or the commission of clear error. *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). "The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion." *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011). Defendant avers the Court committed clear error because Plaintiffs did not show diligence, which is the central inquiry for a motion to amend a scheduling order. *Morgal v. Maricopa Cty. Bd. of Sup'rs*, 284 F.R.D. 452, 460 (D. Ariz. 2012).

The Court concluded that Plaintiffs showed sufficient diligence given the stay pending appeal and the activity surrounding the first phase of summary judgment and class certification. The fact that Plaintiffs waited to see what the new trial date would be does not preclude a finding of diligence; it merely confirms they would not have filed motions for summary judgment that would interfere with the trial date. Further, "the existence or degree of prejudice to the party opposing the modification [can] supply *additional* reasons to deny a motion . . . ." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (emphasis added). The lack of prejudice has done so here.

With no clear error, the motion to reconsider is **DENIED**.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Reconsideration, ECF No. 233, is **DENIED**.

2. Defendant's Motion to Expedite the Motion for Reconsideration, ECF No. 234, is **GRANTED**.

3. The Stipulated Motion to Amend Briefing Deadlines, ECF No. 236, is **GRANTED**.

//

**ORDER ON MOTION TO RECONSIDER AND MOTION TO . . .** ^ 2

A. Defendant may respond to the Motion for Summary Judgment on Joint Employment of M&L Class Members, ECF No. 224, by **January 20, 2017**.

B. Plaintiffs may file a reply, if desired, in accord with the Local Rules of the United States District Court for the Eastern District of Washington.

4. The Stipulated Motion to Expedite the Motion to Amend Briefing Deadlines, ECF No. 237, is **GRANTED**. There is no impact on the planned trial schedule.

**DATED** this 17th day of January, 2017.



Stanley A. Bastian
United States District Judge

**ORDER ON MOTION TO RECONSIDER AND MOTION TO . . .** ^ 3