1    Lori Jordan Isley
     Joachim Morrison
2    COLUMBIA LEGAL SERVICES
     6 South Second Street, Suite 600
3    Yakima, WA 98901
     (509) 575-5593

4

5    Martin S. Garfinkel
     Adam J. Berger
     Jamal N. Whitehead
6    SCHROETER GOLDMARK & BENDER
     810 3rd Avenue, Suite 500
7    Seattle, WA 98104-1657
     United States
8    (206) 622-8000

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BACILIO RUIZ TORRES and JOSE AMADOR, as individuals and on behalf of all other similarly situated persons, | CLASS ACTION |
| | No. 1:14-CV-03032-SAB |
| Plaintiffs, | SETTLEMENT AGREEMENT |
| vs. | |
| MERCER CANYONS, INC., | |
| Defendant. | |

This Stipulation of Settlement and Release between Plaintiffs BACILIO RUIZ TORRES and JOSE AMADOR ("Plaintiffs") and Defendant MERCER CANYONS, INC. ("Defendant" or "Mercer") is subject to the terms and conditions hereof and the approval of the Court. Plaintiffs and Defendant are referenced collectively herein as "the Parties."

SETTLEMENT AGREEMENT - 1

Mercer Canyons denies any liability or wrongdoing of any kind associated with the claims alleged in this action. Mercer Canyons has denied and continues to deny each and every material factual allegation and alleged claim asserted in the Complaint, and no court has made a finding of liability. Nothing herein shall constitute an admission by Mercer Canyons of wrongdoing or liability or of the truth of any factual allegations in the Complaint. Nothing herein shall constitute an admission by Mercer Canyons that the Complaint was properly brought on a class or representative basis other than for settlement purposes. To this end, the settlement of this action, the negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of the settlement: (i) are not, shall not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Mercer Canyons or of the truth of any of the factual allegations in the Complaint; (ii) are not, shall not be deemed to be, and may not be used as, an admission or evidence of any fault or omission on the part of Mercer Canyons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; and (iii) are not, shall not be deemed to be and may not be used as, an admission of the appropriateness of these or similar claims for class certification. Nonetheless, Mercer Canyons has concluded that further litigation, in this Court, would be protracted and expensive, and would also divert management and employee time.

SETTLEMENT AGREEMENT - 2

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

Mercer Canyon has taken into account the uncertainty and risks inherent in litigation before this Court. Mercer Canyons has therefore concluded that it is desirable that the action be fully and finally settled in the manner and upon the terms and conditions set forth in this Agreement.

**BACKGROUND AND RECITALS**

1. On March 14, 2014, Plaintiffs filed a proposed Class Action Complaint in the United States District Court for the Eastern District of Washington (the "Action"). On April 8, 2015 this Court certified this case as a class action. An Inaccurate Information class of migrant and seasonal farm workers was certified as follows:

> All domestic migrant and seasonal farm workers who: 1) were employed as vineyard workers by Mercer Canyons in 2012; 2) sought employment at Mercer Canyons in 2013 between February 4 and June 15, 2013; or 3) performed vineyard work at Mercer Canyons between March 24 and September 15, 2013, and were not referred by WorkSource.

2. Those class members allege that Mercer failed to comply with federal and Washington law by making or causing to be made false or misleading representations concerning the terms, conditions or existence of employment by failing to inform local farm workers about the availability of $12 an hour vineyard laborer jobs available under the H-2A worker visa program in 2013, in violation of 29 U.S.C. § 1831(e) and 29 U.S.C. § 1821(f). Plaintiffs allege the same practice was

SETTLEMENT AGREEMENT - 3

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

also an unfair or deceptive practice in trade or commerce in violation of RCW 19.86.020.

3.     The Court also certified an Equal Pay subclass who allege that at times Mercer Canyons failed to pay $12 an hour to subclass members it employed as migrant or seasonal workers when those wages were due under the H-2A worker visa program in violation of 29 U.S.C § 1832(a) and 29 U.S.C. § 1822(a) and RCW 49.52.050(2). Plaintiffs' sought only statutory damages under 29 U.S.C § 1854(c)(1), but not actual damages. That subclass is defined as:

> All domestic and seasonal farm workers who performed vineyard work between March 24 and September 15, 2013 for Mercer Canyons, were paid less than $12 per hour, and were not referred by WorkSource.

4.     The Parties participated in extensive discovery over several months, including: production of thousands of pages of documents in addition to electronic data; the depositions of both class representatives, several class members, seven Mercer representatives, three representatives of Mercer's agent, Washington Farm Labor Association ("WAFLA"), and Plaintiffs' expert; and informal discovery with potential witnesses. Defendant moved for summary judgment on all claims, which was denied in its entirety.

5.     In June 2015, the Parties agreed to participate in mediation in this case to explore potential settlement. On June 4, 2015, the Parties participated in

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

mediation with the Hon. Magistrate James P. Hutton. The mediation lasted nearly a full day, and continued into the following day. The Parties were not able to reach a settlement agreement.

6.      In July 2015, the Ninth Circuit accepted Mercer's request for interlocutory review of the g class certification order pursuant to Rule 23(f) of the Federal Rules of Civil Procedure. On August 31, 2016, the Ninth Circuit affirmed this Court's class certification order. This Court entered an amended scheduling order with a jury trial to commence on April 17, 2017.

7.      On January 26, 2017, the Parties re-convened with Magistrate Hutton for a second mediation session. The mediation lasted seven hours and the Parties were able to reach a settlement agreement. At all times, the negotiations leading to this Settlement have been adversarial, non-collusive, and at arm's length.

8.      It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all disputes and claims arising from the Action. In order to achieve a full and complete release of Defendant, each Class Member (which includes any legal heirs and/or successors-in-interest of each Class Member), through execution of the Settlement by the Class Representatives, acknowledges that this Settlement is intended to include in its effect all claims arising from the allegations in the Complaint.

SETTLEMENT AGREEMENT - 5

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

9.    It is the intention of the Parties that this Settlement shall constitute a full and complete settlement and release of all claims of Class Members against Mercer that were alleged or that could have been alleged based on the facts and circumstances alleged in the Complaint. This release is binding on all Class Members, except for those who have previously opted out of the Class during the opt-out period approved by the Court and the five plaintiffs represented by the Northwest Justice Project in *Perez et al. v. Mercer Canyons et al.*, 1:16-CV-03015-SMJ who subsequently were allowed to opt-out pursuant to the Court's order.

## TERMS OF SETTLEMENT

10.    <u>Settlement Payments</u>. Defendant shall pay the settlement amounts stated below to resolve this action. All funds will be paid no later than thirty days from the Approval Date (defined below) except as noted below. This total amount is broken down into the following payments:

a.    Defendant will create a fund of $545,000 to pay individual settlement awards to the Class Members (the "Class Payment") for all claims. All Inaccurate Information Class Members who make claims shall receive a base payment of $1,000, and those Class Members who are also part of the Equal Pay subclass shall receive an additional base payment of $500. Should the number of claims received exceed the level at which each Class Member can be paid the full base payment, each Class Member will have their payment reduced on a pro rata

SETTLEMENT AGREEMENT - 6

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

basis. Should the number of claims received result in undistributed funds from the $545,000 settlement fund after calculation of the individual $1,000 and $500 payments, the balance shall be distributed as follows: 40% to class members filing claims on a pro rata basis and 60% applied to Defendant's obligation to pay the attorney fees described below. The payments under this section are for non-wage damages under the Washington Consumer Protection Act based on Plaintiffs' allegation that Defendant did not affirmatively inform the Inaccurate Information class about the availability of H-2A jobs, and statutory damages under AWPA. The $500 payments for the Equal Pay Subclass are entirely for statutory damages under AWPA, which is the only damages sought in the Complaint in this action, and are not wage payments.

   b. Defendant will pay the named Plaintiffs Bacilio Ruiz and Jose Amador $7,500 each for their services as class representatives in this action. Defendant will issue an IRS Form 1099-MISC to Plaintiffs Bacilio Ruiz and Jose Amador, reflecting this nonwage payment in Box 3.

   c. Defendant will pay $650,000 to Class Counsel for statutory attorney fees pursuant to the Washington fee-shifting statutes applicable to Plaintiffs' claims, RCW 19.86.090, RCW 49.48.030, and RCW 49.52.070, less any amounts credited from the settlement fund as described in paragraph 10.a. This payment will compensate and reimburse Plaintiffs' counsel for work already

SETTLEMENT AGREEMENT - 7

performed and for all of the work remaining to be performed to document the settlement, secure Court approval of the settlement, and ensure that the settlement is fairly administered and implemented, Defendant shall pay $300,000 no later than thirty days from final approval, and the remaining $350,000 within twelve months from final approval, less any amount credited against this amount from the Class Payment as described in paragraph 10.a above.

d.      The Parties agree that the payments made pursuant to this Settlement Agreement are not, and are not intended to be made as a payment with respect to, a penalty or a punishment of the type or kind contemplated by Internal Revenue Code Section 162(f).  No governmental entity is directly or indirectly a recipient of any portion of the payments made pursuant to this Settlement, and no governmental entity has any interest or involvement of any type or kind in the litigation hereby settled.  Defendant has not made any representation to Class Counsel or Plaintiffs or otherwise as to the taxability or tax implications of any settlement payments or other payments pursuant to this Settlement Agreement.

11.      Approval Date. The provisions of the settlement embodied in this Settlement Agreement shall be finally approved when all of the following events have occurred: (i) this Settlement Agreement has been executed by all Parties and by counsel for the Parties; (ii) the Court has given preliminary approval to the Settlement; (iii) reasonable class notice as required by Rule 23(e)(1) and as

SETTLEMENT AGREEMENT - 8

approved by the Court has been given, providing proposed Class Members with an opportunity to submit claims, or object to the settlement; (iv) the Court has held a formal fairness hearing and entered a final order and judgment approving this Settlement.

The approval date of the Settlement ("Approval Date") shall be the later of either (1) the expiration of the time for filing an appeal from the Court's entry of an order granting final approval to this Settlement (31 calendar days from entry of the order) or (2) if a timely appeal is made, the date of the final resolution of that appeal and any subsequent appeals resulting in final judicial approval of the Settlement.

If the Court fails to approve the Settlement, or if any appellate court fails to approve the Settlement, resulting in a failure to reach the Approval Date: (1) the Settlement Agreement shall have no force and effect, and no Party shall be bound by any of its terms; (2) any preliminary approval order, final approval order and judgment shall be vacated; and (3) the Settlement Agreement and all negotiations, statements and proceedings and data relating thereto shall be protected by Federal Rule of Evidence 408 and shall be without prejudice to the rights of any of the Parties, all of whom shall be restored to their respective positions in the action prior to the Settlement. No party shall appeal the Court's order on Settlement if the Court approves the Settlement as presented by Plaintiffs or as modified in a manner not prejudicial to that Party, as described in Paragraph 19 below.

SETTLEMENT AGREEMENT - 9

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

12. <u>Administration of Settlement Payments</u>.

    a.    <u>Class Notice and Claim Forms</u>. Class Counsel will mail a Class Notice and a Claim Form in Spanish and English ("Notice Packet") in the form attached to the class settlement notice, and subject to Court approval, to Class Members on Amended Exhibit A (attached) with a valid address (currently approximately 66% of the Class). Defendant will not object to any Class Member listed on Amended Exhibit A from participating in this Settlement. All mailings will be by first class mail. Class Members will have 90 days from the initial mailing date to submit Claim Forms by mail, e-mail, fax, or in person to Class Counsel. If sent by mail, the Claim Form must be postmarked on or before the deadline set forth in the Class Notice. Class Counsel shall provide a stamped, self-addressed envelope with each claim form.

    To ensure that the maximum number of potential Class Members have the opportunity to submit claims, Plaintiffs will also provide media notice in the form and as provided for in the class settlement motion filed with the Court, and subject to Court approval.

    b.    <u>Distribution of Payments to Qualified Claimants</u>. Defendant will pay Columbia Legal Services one lump sum to be distributed to Class Members according to the formula described in paragraph 10 above, and will issue an IRS Form 1099-MISC to Columbia Legal Services for such payment. Class Counsel

SETTLEMENT AGREEMENT - 10

agrees to manage and oversee all functions in connection with all payments made to Class Members under this Agreement, including any required tax reporting with respect thereto. There will be one in-person distribution of the Class Payment funds to Class Members making claims and additional individual distributions as needed to meet the needs of Class Members.

13. <u>Right to Object to Settlement</u>. The Class Notice provided to Class Members will include the right of each individual class member to object to the proposed Settlement. Any Class Member who wishes to object to the Settlement must file with the Court a written statement objecting to the Settlement. Such written statement must be filed with the Court no later than 90 days after the date the Notice Packets are mailed ("Objection Deadline Date"). No Class Member shall be entitled to be heard at the final Settlement hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any Class Member shall be received or considered by the Court at the final Settlement hearing, unless copies of any written objections or briefs shall have been filed with the Court on or before the Objection Deadline Date. Class Members who fail to file and timely serve written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement and shall be bound by the terms of the Settlement.

SETTLEMENT AGREEMENT - 11

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

14. <u>Mercer's Right to Object to Claim</u>. At least 30 days prior to distributing any settlement funds to the Class Members, Class Counsel shall advise counsel for Mercer if Class Counsel intends to distribute settlement funds to any individual not listed on Amended Exhibit A and shall provide counsel for Mercer with a copy of the Claim Form. Except for those persons on Amended Exhibit A, Mercer may object to any Claim Form submitted by a purported Class Member. In the event of such an objection, counsel for Mercer and Plaintiffs shall confer in good faith to resolve the objection. If the parties are unable to resolve the objection, the dispute shall be brought to an agreed third-party for determination. Class Counsel will provide verification, through an independent, mutually agreed upon third party, that all distributions to Class Members, unless resolved pursuant to this paragraph, are Class Members on Amended Exhibit A who returned completed Claim Forms.

## RELEASE BY THE CLASS

15. Upon final approval by the Court, the Class, each Class Member (other than the five individuals currently represented by the Northwest Justice Project in *Perez et al. v. Mercer et al.*) will release Mercer Canyons, Inc., from any and all claims asserted in the Complaint, including but not limited to causes of action under 29 U.S.C. § 1831(e) and 29 U.S.C. § 1821(f), RCW 19.86.020, 29 USC §1832(a) and 29 U.S.C. § 1822(a), and RCW 49.52.050(2), and any other federal or state law,

SETTLEMENT AGREEMENT - 12

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

and any claims of any kind or nature, that could have been brought or based on any of the facts and circumstances alleged in the Complaint.

## LIMITED CONFIDENTIALITY

16.     The Parties agree that this Agreement must be disclosed to the Court in public filings and made available to Class Members.  However, until the aforementioned filing is made with the Court, the terms of this Agreement shall be kept confidential and shall not be disclosed by the Parties except to their attorneys and to other persons as necessary to effectuate the terms of this Agreement or to comply with applicable law.

## DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL

17.     The Parties shall promptly prepare and file with the Court a motion for preliminary approval and determination by the Court as to the fairness, adequacy, and reasonableness of this Settlement. The motion for preliminary approval shall request entry of a preliminary order which would accomplish the following:

a.     Schedule a fairness hearing on the question of whether the proposed Settlement, including payment of attorney fees and costs and the Class Representatives' enhancement awards, should be finally approved as fair, reasonable, and adequate as to the Class Members;

b.     Approving as to form and content the proposed Class Notice;

c.     Approving as to form and content the proposed Claim Form;

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

d.     Directing the dissemination of the Class Notice and Claim Form to the Class Members;

e.     Preliminarily approving the settlement subject only to the objections of Class Members and final review by the Court;

f.     Preliminarily approving Class Counsel's role in notifying class members and administering the settlement;

g.     Preliminarily approving Class Counsel's request for attorney fees and litigation expenses subject to final review of the Court; and

h.     Preliminarily approving Class Counsel's request for Plaintiffs' enhancement awards for the class representatives.

## DUTIES OF THE PARTIES PRIOR TO FINAL APPROVAL

18.     In order to obtain  final approval of the Settlement, Class Counsel will submit a motion for final approval detailing the efforts to notify Class Members and any objections received along with a proposed final order:

a.     Approving the Settlement, adjudging the terms thereof to be fair, reasonable, and adequate, and directing consummation of its terms and provisions;

b.     Approving Class Counsel's application for an award of attorney fees and reimbursement of costs;

c.     Approving the named Plaintiffs' enhancement awards; and

SETTLEMENT AGREEMENT - 14

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

d.      Releasing all released claims against Mercer during the Class Period.

e.      Plaintiffs will not be obligated to dismiss this case until after (1) the Court issues an order of final approval of the Settlement; and, (2) Mercer has made all settlement payments outlined in this Settlement Agreement.

## PARTIES' AUTHORITY

19.    The signatories hereto represent that they are fully authorized to enter into this Settlement and bind the Parties to the terms and conditions of this Settlement Agreement.

## MUTUAL FULL COOPERATION

20.    The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents and to take such other action as reasonably be necessary to implement the terms of this Settlement. The Parties to this Settlement shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement and the terms set forth herein. As soon as practicable after execution of this Settlement, Class Counsel shall, with the assistance and cooperation of Defendant and its counsel, take all necessary steps to secure the Court's final approval of this Settlement. If the Court's approval of this Settlement Agreement includes

SETTLEMENT AGREEMENT - 15

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

modifications of the Agreement that do not prejudice any Party, each Party's remaining obligations and rights under the agreement will survive the modifications and remain in effect.

## NO PRIOR ASSIGNMENTS

21. The Parties hereto represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or right herein released and discharged except as set forth herein.

## NO ADMISSION

22. Nothing contained herein, nor the consummation of this Settlement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant. Defendant specifically denies any liability.

## NON-ADMISSIBILITY

23. Pursuant to Federal Rule of Evidence 408 and any applicable state or local rules of evidence, this Agreement and any related documents filed or created in connection with it shall be inadmissible in evidence in any proceeding, except as necessary to approve, interpret, or enforce this Agreement.

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

## ATTORNEY FEES AND COSTS TO ENFORCE AGREEMENT

24.     Should an action to enforce the provisions of this agreement be necessary, the prevailing party shall be entitled to recover attorney fees and costs.

## CONSTRUCTION

25.     The Parties hereto agree that the terms and conditions of this Settlement are the result of lengthy, intensive, arm's-length negotiations between the Parties. The Parties further agree that this Settlement shall not be construed in favor of or against any party by reason of the extent to which any party or party's counsel participated in the drafting of this Settlement.

## CAPTIONS AND INTERPRETATIONS

26.     Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any provision hereof. Each term of this Settlement is contractual and not merely a recital.

## MODIFICATION

27.     This Settlement June not be changed, altered, or modified, except in writing and signed by the Parties hereto, and approved by the Court. This Settlement shall not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto and approved by the Court.

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

## INTEGRATION CLAUSE

28.    This Settlement (including the exhibits) contains the entire agreement between the Parties relating to the Settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged herein. No rights hereunder may be waived except in writing.

## BINDING ON ASSIGNS

29.    This Settlement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors, and assigns.

## CLASS COUNSEL SIGNATORIES

30.    It is agreed that because of the large number of Class Members, it is impossible or impractical to have each Class Member execute this Settlement. The Class Notice will advise all Class Members of the binding nature of the release and such shall have the same force and effect as if this Settlement were executed by each member of the Class.

## COUNTERPARTS

31.    This Settlement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall

SETTLEMENT AGREEMENT - 18

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

constitute one Settlement, which shall be binding upon and effective as to all Parties.

DATED: February 23, 2017     SCHROETER GOLDMARK & BENDER

By: _____
      ADAM J. BERGER
      Counsel for Plaintiffs

DATED: February 23, 2017     COLUMBIA LEGAL SERVICES

By: _____
      LORI JORDAN ISLEY
      Counsel for Plaintiffs

DATED: February 23, 2017     MERCER CANYONS, INC.

By: _____

Its: _CHIEF HR OFFICER_____

DATED: February 23, 2017     PERKINS COIE LLP

By: _____
      FREDERICK B. RIVERA USBA #23008
      Counsel for Defendant
      MERCER CANYONS, INC.

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

DATED this 23nd day of February, 2017.

COLUMBIA LEGAL SERVICES      SCHROETER GOLDMARK & BENDER

s/Lori Jordan Isley
Lori Jordan Isley, WSBA #21724
Joachim Morrison, WSBA #23094
6 South 2nd Street, Suite 600
Yakima, WA 98901
Phone: (509) 575-5593, x. 217
Fax: (509) 575-4404
E-mail: lori.isley@columbialegal.org;
joe.morrison@columbialegal.org;

s/Adam J. Berger
Martin S. Garfinkel, WSBA #20787
Adam J. Berger, WSBA #20714
Jamal N. Whitehead, WSBA #39818
810 3rd Avenue, Suite 500
Seattle, WA 98104-1657
Phone: (206) 622-8000
Fax: (206) 682-2305
E-Mail: berger@sgb-law.com;
garfinkel@sgb-law.com;
whitehead@sgb-law.com

Approved for Entry:

Perkins Coie LLP

s/ Frederick B. Rivera
Frederick B. Rivera, WSBA # 23008
Attorney for Defendant Mercer Canyons, Inc.
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
E-mail: FRivera@perkinscoie.com

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

# CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of February, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Lori Jordan Isley
lori.isley@columbialegal.org
cheli.bueno@columbialegal.org mailto:,
elvia.bueno@columbialegal.org

Joachim Morrison
joe.morrison@columbialegal.org
rachael.pashkowski@columbialegal.org

Martin S. Garfinkel
garfinkel@sgb-law.com, cronan@sgb-law.com

Adam J. Berger
berger@sgb-law.com

Jamal N. Whitehead
whitehead@sgb-law.com

Michael T. Reynvaan
mreynvaan@perkinscoie.com;
awells@perkinscoie.com; docketsea@perkinscoie.com

Frederick Brian Rivera
frivera@perkinscoie.com, bbuckley@perkinscoie.com,
docketsea@perkinscoie.com

Lindsay J. McAleer
LMcAleer@perkinscoie.com,
RBecken@perkinscoie.com

And I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: None.

Rachael Pashkowski

SETTLEMENT AGREEMENT - 21