UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BACILIO RUIZ TORRES and JOSE AMADOR, as individuals and on behalf of all other similarly situated persons,<br><br>              Plaintiffs,<br>   v.<br>MERCER CANYONS, INC.,<br><br>             Defendant. | 1:14-cv-03032-SAB<br><br>**ORDER STRIKING TRIAL DATES, DENYING PRETRIAL MOTIONS, AND DENYING MOTION TO EXPEDITE** |

      Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, ECF No. 252, with a related motion to expedite, ECF No. 258; Plaintiff's Motion to Award Attorneys' Fees, ECF No. 254; and a Stipulated Motion to Exclude *Perez* Plaintiffs, ECF No. 257.

      The Court is pleased the parties have reached a preliminary settlement, and will fully consider the terms of the settlement as directed under Fed. R. Civ. P. 23(e). Accordingly, the Court **strikes** the trial date and pretrial deadlines and **denies** the opposed pretrial motions as moot. However, the Court is unable to properly consider a settlement of this magnitude in under one week as Plaintiffs desire. The Court therefore **denies** the motion to expedite.

**ORDER STRIKING TRIAL DATES, DENYING PRETRIAL . . . ^ 1**

Accordingly, **IT IS HEREBY ORDERED**:

1. The current trial date of April 17, 2017 and all associated pretrial deadlines are **STRUCK**.

1. Plaintiffs' Motion in Limine to Bar Evidence of Immigration Status, ECF No. 205, is **DENIED AS MOOT**.

2. Plaintiffs' Motion for Partial Summary Judgment—Joint Employment of M&L Class Members, ECF No. 224, is **DENIED AS MOOT**.

3. Plaintiffs' Motion for Partial Summary Judgment Re: Inaccurate Information Claims, ECF No. 227, is **DENIED AS MOOT**.

4. Plaintiff's Motion to Expedite Preliminary Approval of Class Action Settlement, ECF No. 258, is **DENIED**. The Court will nonetheless rule on the settlement as expeditiously as possible.

**DATED** this 24th day of February, 2017.



Stanley A. Bastian
United States District Judge

**ORDER STRIKING TRIAL DATES, DENYING PRETRIAL . . . ^ 2**