UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

BACILIO RUIZ TORRES and JOSE AMADOR, as individuals and on behalf of all other similarly situated persons,

    Plaintiffs,

v.

MERCER CANYONS, INC.,

    Defendant.

No. 1:14-cv-03032-SAB

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Before the Court is Plaintiffs' Motion for Final Approval of Class Action Settlement, ECF No. 272. The Court planned to schedule a Final Approval Hearing, but because no class member filed a written statement objecting to the proposed class settlement, the Court finds that a Final Fairness Hearing is unnecessary. The Court, having reviewed the briefing and record, is fully informed and grants final approval of the class action settlement.

## BACKGROUND

On March 14, 2014, named Plaintiffs and class representatives Bacilio Ruiz Torres and Jose Amador filed a proposed class action complaint with this Court.

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION . . . ^ 1**

They alleged that in 2013 Defendant Mercer Canyons, Inc. failed to inform them and other putative class members of vineyard jobs paying $12.00 an hour available under the H-2A worker visa program. They alleged this was in violation of 29 U.S.C. § 1831(e) and 29 U.S.C. § 1821(f) and constituted an unfair or deceptive practice under RCW 19.86.020.

This case involved extensive discovery and motions practice. In particular, the Court denied Defendant's motion for summary judgment on all claims, its motion to reconsider, and its motion to certify the summary judgment issue for interlocutory appeal.

On April 8, 2015 the Court granted a motion to certify a class. In particular, the Court certified an Inaccurate Information class defined as:

> All domestic migrant and seasonal farm workers who: 1) were employed as vineyard workers by Mercer Canyons in 2012; 2) sought employment at Mercer Canyons in 2013 between February 4 and June 15, 2013; or 3) performed vineyard work at Mercer Canyons between March 24 and September 15, 2013, and were not referred by WorkSource.

ECF No. 134 at 12:20-25.[1] Pursuant to Fed. R. Civ. P. 23(b)(3) and (c)(5), the Court also certified a subclass of:

> All domestic and seasonal farm workers who performed vineyard work between March 24 and September 15, 2013 for Mercer Canyons, were paid less than $12 an hour, and were not referred by WorkSource.

---

[1] The Court granted the parties' Stipulated Motion to Exclude Perez Plaintiffs, ECF No. 257, so the five individuals identified therein are excluded from the class and the final order and judgment. ECF No. 269.

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION . . . ^ 2**

*Id.* at 13:1-4. This class sought relief for alleged violations of 29 U.S.C. 1832(a), 29 U.S.C. § 1822(a), and RCW 49.52.052(2) through statutory damages available under 29 U.S.C. § 1854(c)(1).

The order certifying the class and subclass was reviewed through interlocutory appeal by the United States Court of Appeals for the Ninth Circuit, and affirmed on August 31, 2016. *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1125 (9th Cir. 2016). The Court set a new trial for April 2017 and considered several pending motions for summary judgment filed by Plaintiffs.

The Court did not have the opportunity to rule on these motions because in early 2017 the parties began a second round of mediation, conducted by United States Magistrate Judge James Hutton, which resulted in this agreement. On March 7, 2017, the Court granted preliminary approval of the class action settlement including enhancement awards of $7,500 each to the two named Plaintiffs. ECF No. 264. The Court also granted the Plaintiffs' Motion to Award Attorney Fees in the amount of $650,000. ECF No. 268.

The Court enters the following findings of fact and conclusions of law:

**A. Jurisdiction**

1. The Court has subject matter jurisdiction over the claims in this case and personal jurisdiction over the Parties, including all Class Members, pursuant to 28 U.S.C. § 1331 (federal questions), 29 U.S.C. § 1854 (AWPA), and 28 U.S.C. § 1367 (supplemental jurisdiction).

**B. Notice to Settlement Class and Opportunity to Object**

2. As demonstrated by the declaration of Arasele Bueno and the attached Exhibits, Plaintiffs provided notice to the class in the manner and form approved by the Order Granting Preliminary Approval. The Court finds the Plaintiffs conducted additional efforts to notify class members and these efforts were the

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION . . . ^ 3**

best practicable efforts under the circumstances and complied fully with the Order Granting Preliminary Approval, the Federal Rules of Civil Procedure, and the constitutional requirements of due process under federal and state law.

3. The Court has determined that a full opportunity has been given to class members to be heard in opposition to the terms of the Settlement Agreement.

4. No class member filed any objection to the settlement by the June 30, 2017 deadline for doing so.

**C. Fairness and Adequacy of Settlement Agreement**

5. The Court has carefully considered all the papers, evidence, and arguments before it and has made its independent judgment that: (1) Plaintiffs' case was sufficiently strong to justify a valuable settlement; and rulings on class certification and summary judgment indicate that Plaintiffs' claims were plausibly meritorious; (2) a two-week jury trial representing the interests of over six hundred class members epitomizes the risk and complexity of litigation; given the appeals and many motions to reconsider filed in this case, the Court concludes that further post-trial and appellate litigation would have been likely; (3) the amount offered in settlement is fair and reasonable; (4) thousands of documents have been exchanged in discovery; and the settlement negotiations were significant, including two mediations with a Federal Magistrate; (5) the attorneys involved have litigated the case expertly and in their long experience in class actions and labor work conclude the settlement is fair and reasonable; (6) a majority of the class has responded by submitting claims and no class member has objected to the settlement. *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 944 (9th Cir. 2015) (quoting *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)).

6. Having considered the foregoing, as well as the lack of any objections; the costs, risks and delays of continued litigation versus the benefits provided by

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION . . . ^ 4**

the settlement; and this Court's knowledge of this Action, the Court finds and concludes that the settlement is in the best interest of the class and is fair, reasonable, and adequate as to all class members.

**D. Attorney Fees**

7. This Court has considered the Plaintiffs' request for an award of attorney fees included in the proposed Settlement Agreement, and separately granted the Plaintiffs Motion for Attorney Fees (ECF Nos. 254 & 268) finding the proposed award fair and reasonable.

**ACCORDINGLY, IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion for Final Approval of Class Action Settlement, ECF No. 272, is **GRANTED**.

2. The terms of the Settlement Agreement (ECF No. 253) are granted final approval, are confirmed as fair, reasonable and adequate, are adopted by the Court as though fully set forth herein, and are binding on Plaintiffs, class members and Defendant.

3. Defendant shall pay $545,000 as the settlement fund to compensate class members for all claims no later than 31 days from entry of this order; each class member shall receive $1,000 in non-wage damages under the Washington Consumer Protection Act and statutory damages under AWPA; each subclass member shall receive an additional $500 for statutory damages under AWPA; finally each class member shall receive a pro-rata share of 40% of the balance of the settlement fund in non-wage damages. Pursuant to paragraph 10(a) of the Settlement Agreement, $66,600 of the settlement fund shall be applied toward Defendant's responsibility to pay Plaintiffs' attorney fee award.

4. This Court approves named Plaintiffs and class representatives Bacilio Ruiz and Jose Amador a payment of $7,500 each for their services as class

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION . . . ^ 5**

representatives and Defendant shall pay this amount no later than 31 days from entry of this order.

5. This Court approved an award of attorneys' fees in the amount of $650,000 (ECF No. 268); Defendant shall pay the first $300,000 (plus $66,600 from the settlement fund, *see* Par. 3, *supra*) no later than 31 days from entry of this order, and the remaining $283,400 within twelve months from entry of this order.

6. Upon payment in paragraphs 3 through 5 of this Order, the claims of Plaintiffs and class members shall be released pursuant to paragraphs 15 and 18(d) of the Settlement Agreement (ECF No. 253).

7. This case will not be dismissed until Defendant has made all payments in paragraphs 3 through 5 of this Order.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 14th day of August, 2017.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION . . . ^ 6**